### PHOEBE SHAFER *vs.* ABRAM LOUCKS.

If the plaintiff, in an action for malicious prosecution, fails in the proof of either of the following particulars, viz., that the suits instituted against him by the defendant were instituted without probable cause and from malicious motives, and with malicious intent—he is not entitled to a verdict.

In such an action it is not erroneous for the judge, in his charge, to present the two theories of the case held by the plaintiff and defendant, to the jury, and to leave it to them to say whether an offensive charge contained in the complaint in a former action brought by the defendant, was inserted in the honest belief that it was necessary to sustain the action, or merely as a cover to a malicious purpose of destroying the plaintiff's character; where it appears that the offensive charge was not the cause of action, but an incidental act, stated by way of aggravation, to increase the amount of the recovery.

Nor is it error for the judge to refuse to charge that "if the jury, from the evidence before them, believed that the defendant believed he had a cause of action against the present plaintiff, 'no matter how small the recovery might have been, it was a legal right to bring the action therefor, and it was no matter how much malice might have inspired the defendant; the plaintiff could not recover."

Good faith, merely, is not sufficient to protect the defendant from liability, in an action for malicious prosecution. There must be *reasonable* ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a *cautious man* in the belief that the plaintiff was guilty, to make out such a probable cause as will be a defense.

Belief, and reasonable grounds for belief, are both essential elements in the justification of probable cause. A man is responsible if he fails to call in to his aid reason, caution and fairness. He must not act upon mere conjecture, or impulse or passion.

THIS is an appeal from a judgment entered upon the verdict of a jury, at the Schoharie circuit, in October, 1867.

Shafer *v.* Loucks.

The action was for malicious prosecution. The defendant brought four successive actions in a justice's court, against the plaintiff, three of which were discontinued, and the fourth resulted in a verdict against the present defendant, who was the plaintiff in those several actions. The plaintiff was a district school teacher, and the defendant's children attended her school. A feeling of bitterness against the plaintiff arose, and was entertained by the defendant and his family, on account of her correction, in school, of the defendant's children; and the cause of action in the four suits, before different justices, by the defendant against the plaintiff, arose during her term of teaching; and the complaints of the defendant, in the justices' courts, which were for the use of the bed in which the plaintiff slept one night, contained statements well calculated to destroy the character of the plaintiff for chastity. At the circuit there was a verdict in favor of the plaintiff, for $800. From the judgment entered thereon, the defendant appealed to this court. All other material facts sufficiently appear in the opinion.

*H. Krum*, for the appellant.

*N. C. Moak*, for the respondent.

*By the Court*, POTTER, J. When the plaintiff rested her case, at the trial, no motion was made for a nonsuit, or to dismiss the case for want of proving a cause of action. The testimony which had then been produced by the defendant was intended to destroy the case made by the plaintiff; the subsequent testimony of the plaintiff was to rebut or weaken that of the defendant. The briefs of parties present no objections taken to the admission of evidence by the judge, as error; and in this review we are bound to assume, as far as facts are in question, that they are truthfully found by the jury.

It is not then for the court to review the evidence, to see whether or not the plaintiff was invited by the defendant or his family to occupy the room and bed for the use of which the defendant sued her; whether the defendant was advised by counsel that he had a good cause of action against the plaintiff for the use of the room and bed; whether the defendant made a full and fair statement of his case to his counsel; nor whether the defendant threatened to sue her, and break up her school. These questions were controverted; they were issues of fact on the trial, for a jury. The testimony was in conflict, and the jury have found a verdict upon them. The following propositions we must assume to be true, according to the charge to the jury, viz: That if the plaintiff failed in the proof of either of the following particulars, she was not entitled to a verdict; that the suits instituted against her by the defendant, were instituted without probable cause, and from malicious motives, and with malicious intent. If she succeeds in both she is entitled to a verdict. If she fails in either of these particulars, she is not to have a verdict. To this part of the charge there was no exception; and we are to take it for the law of the case.

In the form this case is before us, the only exceptions to be reviewed are those taken to the charge of the judge to the jury, or to his refusal to charge as requested. The first exception of the kind is to the charge of the judge, in the following words: " In the latter part of June, he brought an action against her, before a justice of the peace, in Summit. And in that action, he declared, ' that she was indebted to him for the use and occupation of a certain room in his house,' and demanded the sum of $25. And alleged in the same complaint, *what does not appear to have been necessary to constitute an element of the cause of action* as thus brought—that the bed was dirtied and soiled by the use of herself and others, and the sheets stained and discolored."

Shafer *v.* Loucks.

Before we can condemn this charge for unsoundness, we must look at it in its connection with the facts of the case, and at the whole charge in its explanations and modifications. The burden of showing its unsoundness is with the defendant. We are not furnished with the defendant's complaint before the justice; we can therefore only judge of it from the memory of the witnesses, as stated in the case. The action, as appears, was for the use of a room and bed. If this is correct, the value of the use and occupation depended upon the manner of its use; and the injury done to it by the occupant could, in such case, have been proved on the trial. The particular injury detailed in the complaint would not seem to be the cause of action, but a specification of a particular which enhanced the damages. This would seem to have been the view of the learned judge, as appears from other portions of his charge. He says, "He (defendant) must have known, it is claimed, that an action brought for the occupation of a room and bed, when the party had been invited to stay, by himself, or by members of his family in his presence, could not be maintained. He must have known, it is claimed, that such circumstances would not furnish any just pretense for bringing a suit for such service; and it is claimed, as to the residue of the complaint, to wit, for the soiling or staining of the bed clothes, that it was itself incidental to the use of the bed, if not abused; and that the abuse of the bed is not made the main ground of action in the suit, but was put forward on the part of the plaintiff as a mere pretense, for the purpose of carrying into effect the malicious spirit with which these suits were instituted." Though the defendant's counsel had directly excepted to that portion of the charge first above quoted, it would seem he desired a more clear understanding of the meaning of the language of the judge, and therefore he repeats the exception, in effect, as follows: "Defendant's counsel excepted to that portion of the charge which

---

Shafer *v.* Loucks.

---

was understood to imply that the allegation in the complaint formerly made by the defendant here, against the plaintiff, that the bed was dirtied or soiled, or injured, was not required in an action to recover payment for the use and occupation of a room, but was unnecessary; that is, that the last allegation was unnecessary." This gave the judge the opportunity of explaining in the presence of the jury his meaning, and which he gave as follows: "I said it was unnecessary to the sustaining of a cause of action for the use of a room; if it was mentioned merely and simply as an aggravating circumstance connected with the use of the room, I do not mean to say that in proper language it might not be incorporated." As thus explained, or indeed without the explanation, I am not able to discover error in this part of the charge. It appears to me, in what the judge said, that he intended to present the two theories of the case, the plaintiff's and defendant's, to the jury, and leave it to the jury to say whether the spreading this indecent detail upon the complaint, was in the honest belief that it was necessary to sustain the action, or merely as a cover to a malicious purpose, of destroying the plaintiff's character. So far as we know, from the case, this offensive charge was not the cause, but an incidental act by way of aggravation, to increase the amount of the recovery. If this be so, there can be no objection to the charge in that respect.

It seems that the defendant's counsel, previous to the charge, had requested the judge to charge the following proposition as his second request: "That if the jury, from the evidence, believe that the defendant believed he had a cause of action against the present plaintiff, no matter how small the recovery might have been, it was a legal right to bring the action therefor, and it was no matter how much malice may have inspired the defendant; the plaintiff cannot recover." It was in answer to this very technical proposition that the judge charged this proposition

with a qualification, in a paragraph out of which five separate exceptions are taken. He (the judge) says: "But I cannot charge *precisely* in the language of the second request which the counsel for the defendant has placed before me," * * "that is not precisely the law; the law requires something more than an honest belief on the part of the plaintiff that he has a good cause of action. The facts and circumstances must be such as really‛ exist, or, as disclosed to him, that which he has a right to assume, and does assume, furnishes just reason to conclude that he has a fair cause of action against the other party. It requires something more than even good faith on the part of the plaintiff; it requires a fair judgment upon the facts disclosed, which facts furnish upon their face, to a prudent mind, and to a fair mind passing upon the case, the conclusion that he has a probable cause and just reason for instituting a suit."

The judge committed no error in refusing to charge the proposition in the language given by the defendant's counsel. The mere *belief* of the party that he had a cause of action, is not sufficient, upon authority; it should be an honest and a *reasonable* belief. (2 *Greenl. on Ev.* § 455.) "If there was a *reasonable* belief in the mind of the prosecutor it would be a justification." (*Seibal* v. *Price*, 5 *Watts & Serg.* 440.) "The facts and circumstances must be sufficient to make him, or any *reasonable* person, believe the truth of the charge before he instituted the proceeding." (*Delegal* v. *Highley*, 3 *Bing.*, *N. C.*, 958.) "Probable cause," is defined, says Bronson, Ch. J., "a *reasonable* ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a *cautious* man in the belief that the person accused is guilty of the offense." (*Foshay* v. *Ferguson*, 2 *Denio*, 619. *Miller* v. *Milligan*, 48 *Barb.* 30. *Scanlan* v. *Cowley*, 2 *Hilt.* 489.) But a case more particularly in point, as authority for this charge, is that of *Hall* v. *Suydam*, reported in 6 *Barbour*, 83, decided

at general term, in the fourth judicial district, by Paige, Willard and Hand, justices. This was a well considered case. The request to charge in that case was in effect the same as in this, viz: "1st. If the jury believed from the evidence, that the defendant acted in good faith in taking out the warrant, it was a defense. 2d. If the jury believed that the defendant acted *bona fide* in taking out the warrant on the advice of counsel upon a full and fair statement of the facts, that was a defense." It does not appear in what language the judge charged, in that case, but he refused to modify his charge in the particulars so requested. Paige, P. J., who delivered the opinion of the court in that case, in commenting upon these requests to charge, says: "This was in effect saying that the defendant was not liable if he acted in good faith in taking out the warrant. But good faith, merely, is not sufficient to protect the defendant from liability. There must be reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a *cautious man* in the belief that the plaintiff was guilty, &c., to make out such a probable cause as will be a defense." This is a decision at general term, by a court equal in character to any coördinate branch of this court, and whose opinions rank among the soundest expositions of law found in our reports. It has not been questioned or shaken, to my knowledge, as sound law, and we are bound to pay it due respect. Following this decision is the case of *Humphries* v. *Parker*, (52 *Maine*, 505.) The court holds that probable cause, "required a belief honestly entertained, and derived from facts and evidence, which in themselves were sufficient to justify a man who was calm, and not governed by passion, prejudice, or want of ordinary caution and care in believing the party guilty." That mere belief is not enough. Belief and reasonable grounds for belief, are undoubtedly both essential elements, in the justification of probable cause. I hold these cases to be sound adjudications upon

Shafer *v.* Loucks.

the law, as to what is probable cause in actions brought for malicious prosecution. Tested by this rule, in cases cited, the charge of the learned judge in the case before us contains no error that demands a reversal of the judgment. Though varying in terms of expression, it does not in spirit differ from *Hall* v. *Suydam.* The words *"fair judgment,"* and *" a prudent and fair mind,"* and *"just reason,"* do not change the sense. When the learned judge said, " it required something more than good faith," he then explained, and perhaps limited, and by the use of the words employed, showed exactly what he did mean. This explanation was sound. Good faith may be based upon mere conjecture—upon an opinion based on sudden impulse, or passion—upon an unreasonable statement or report, such as no fair, sensible or cautious man would ever adopt. The judge doubtless meant to say, (at least this is the fair import of his language,) that a man must act *fairly, prudently, cautiously* and *reasonably,* as well as in good faith. This, I think, is sound law. That is, he must not act upon mere conjecture or impulse, or passion. He is responsible if he fails to call in to his aid, in such case, *reason, caution* and *fairness.* A man may cultivate passion, prejudice or delusion, until he makes himself believe an absurdity. It would be monstrous if such a belief would protect him in his malice, to the destruction of character.

This includes all I propose to say as to the five several exceptions taken to the same number of sentences in one paragraph of the charge; all of which must be read together as one. Reading them as one, there is no error in this charge.

The result is, that the judgment should be affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Plattsburgh, July 5, 1870. *Miller,* P. J., and *Potter* and *Parker,* Justices.]