JOHN W. HALL, Respondent, v. WILLIAM KEHOE, Appellant.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Malicious prosecution. Termination.*—The dismissal of the criminal prosecution, on complainant's motion, is a sufficient termination so as to permit an action for malicious prosecution.
2. *Same. Probable cause.*—In such action, probable cause, on conflicting evidence, is a question for the jury.
3. *Same. Advice of counsel.*—The mere advice of counsel, based upon a statement of defendant's case only, and without reference to the facts and circumstances under which the advice was given, constitutes no defense to such action.
4. *Evidence. Malicious prosecution.*—Evidence bearing on defendant's motive in continuing the prosecution, is pertinent.
5. *Appeal. Error cured.*—The subsequent reception of excluded evidence renders an exception thereto unavailing.
6. *Trial. Charge.*—The court need not charge in the precise language of a request.
7. *Evidence. Declarations.*—In such action, the declarations of the defendant, made before the recorder, unconnected with any act, proved by plaintiff, for the purpose of affecting defendant, are incompetent evidence in his own favor.

Appeal from a judgment entered upon a verdict in Oswego county for damages in favor of the plaintiff; and also an appeal from an order denying a motion for a new trial made on the minutes of the circuit judge. Action for malicious prosecution.

Plaintiff was arrested on the complaint of the defendant made to the recorder of the city of Oswego, and accused of willfully cutting timber upon lands in the town of Scriba, thereby violating § 640 of the Penal Code. The criminal proceedings were dismissed on the 27th of March by the recorder, and thereafter this action was brought, and upon

9

the trial much evidence was given in relation to the owner-ship of the premises whereon the timber was alleged to have been cut.

*W. A. Poucher* and *William Tiffany*, for appellant

*D. P. Lester*, for respondent.

HARDIN, P. J.—We think the evidence given upon the trial was entirely sufficient to show that the criminal proceeding was ended and dismissed before the recorder. The defendant appeared before a magistrate and obtained a warrant returnable before the recorder, and defendant appeared as complainant; he was sworn for the people. The warrant was returnable on the 5th of March, 1886, and the charge against the party accused was read, and the proceedings adjourned to the 6th of March by "a sort of an agreement between the parties." On the 6th of March the complainant was sworn and presented a deed, and it was ascertained that a survey would have to be made, and a further adjournment was taken until March 27th; and the recorder testifies, viz.: "On March 27th the complaint was dismissed upon application of Mr. Kehoe; the defendant was not detained longer; I presume he was discharged; he didn't stay there; after I dismissed the complaint I didn't detain him in custody; he went away; I didn't consider him in custody any more; I know what the complaint was for * * * I dismissed it because there was no proof; neither party seemed to know the rights of each other or themselves; I dismissed it on the application of the complainant; I dismissed it because they didn't present any evidence; I think it was not terminated because of the fact that they talked the matter over and agreed finally; the charge was dismissed, and he was discharged, and that kind of termination was had before me."

When the defendant was upon the stand as a witness he

was asked whether he had heard anything about " any question being raised as to the title of your father to that land, except in relation to this claim that John Clauss hadn't deeded the land that he had intended to sell ; " this question was objected to and the court sustained the objection, and the defendant took an exception. The witness stated that there was some talk or suspicion that when Clauss conveyed to Hall and to the defendant's father, that a piece had been left not deeded to anybody; and after the witness had stated that such a claim had been made, he added, " I never heard of any other claim." We think this last answer embraced the substance of the matter inquired about in the question which was excluded, and, therefore, the exception taken to the ruling is unavailing.

2. Nor do we think it was error to refuse to receive the declarations of defendant made before the recorder to the effect that Hall would not run away, and that he, defendant, was not afraid of it, and that he would go on to his bond himself. It was not offered in connection with any act transpiring which the plaintiff proved for the purpose of affecting the defendant. It was therefore no part of any transaction, so that the declarations made by the defendant himself would be competent evidence in his own behalf.

3. When the witness Baker was upon the stand he testified in respect to a survey that he had made of the premises, and that he ran as far as the pond and couldn't get across it on the twenty-sixth of March, and without objection he stated that he communicated to the defendant " where the line appears to run ; and it runs over on the defendant's land." After he had given that testimony a specific question was put to him as to whether or not he told Kehoe, the defendant, that he hadn't any land over there. This was objected to and the objection was overruled and an exception taken ; the answer of the witness was " I said to Mr. Kehoe that it appears you haven't any land over on that side of the line ; if this be the line of lots, the acre and a

half would not carry Kehoe's land within ten or fifteen rods of the wood land on the west side of the swamp or in the swamp; that's what I said before; there is no timber there on that acre and a half." This information given to the defendant seems to have been prior to the termination of the criminal proceeding, and may have had some legitimate bearing upon the motive of the defendant in insisting upon the continuance of the criminal proceedings. We think the evidence bore legitimately upon the motive of the defendant in insisting upon the continuance of the criminal proceedings, and it was not error to receive it.

4. While the burden was upon the plaintiff to prove the want of probable cause for the prosecution, we are of the opinion that upon the whole evidence the trial judge properly held that the question was one of fact for the determination of the jury.

In Heyne *v.* Blair, 62 N. Y. 19, it was said, viz.: "If the facts proved are capable of different inferences, it is for a jury to determine what, under the circumstances, would be the belief and action of men of ordinary prudence."

In Avery *v.* Blair, 21 Week. Dig. 178, it was said: "Where the facts relied upon to make out that branch of a case are in dispute and the evidence is contradictory, it is the duty of the court to submit the questions of fact so arising to the jury."

In Fagnan *v.* Knox, 66 N. Y. 527, CHURCH, Ch. J., said: "That when the facts adduced to prove a want of probable cause are controverted, or conflicting evidence is to be weighed, or the credibility of witnesses is to be passed upon, it must be submitted to the jury to find the facts under proper instructions as to the law."

We are of the opinion that the trial judge committed no error in refusing to take the question of probable cause from the jury, and that it was his duty to submit that question as he did upon all the facts and circumstances disclosed in the evidence to the determination of the jury; nor can

we say their finding upon that question is contrary to the evidence, nor that it does not accord with the weight of the evidence. The defendant gave evidence tending to establish probable cause for the prosecution of the plaintiff. Whether that evidence furnishes circumstances sufficiently strong in themselves to warrant a cautious man, or a prudent and fair mind, in the belief that the plaintiff was guilty, was a question to be determined by the jury. Shafer *v.* Loucks, 58 Barb. 426.

Whether the prosecution was instituted and carried on from malice was a question, upon all the evidence, for the consideration of the jury.

In Burhans *v.* Sanford & Brown, 19 Wend. 417, it was said : " Malice may be, and usually is, inferred in these actions from the want of probable cause ; it is not necessary to show that the act complained of was dictated by angry feeling, or a vindictive motive.

5. Before the charge was completed the defendant's counsel asked the court to charge the jury that " the advice of counsel given on a full and fair statement of his case and acted upon in good faith, is a good defense in an action for malicious prosecution, whether the plaintiff was guilty or innocent."

The court replied : " No, I cannot charge that," and the defendant took an exception. Thereupon the court did continue his charge as follows : " I will say in regard to that, that the advice of counsel is an element, and is evidence to be considered upon the question of probable cause. But I cannot charge that proposition alone, because it leaves out some of the elements which, I insist, go to make up probable cause. I have stated, I think, the effect to be given to the advice of counsel ; in the first place, and in order that the advice shall constitute probable cause, a person must believe that the party is guilty. But that is not sufficient alone. He cannot believe it unless he has some grounds to believe it upon. He must have reasonable

grounds, as the courts say, such as would induce the belief in the mind of a reasonably discreet and prudent person. Now, as bearing upon the amount of evidence, the facts and circumstances, which would induce a discreet and reasonable person to believe a man guilty, the advice of counsel comes in very properly. A reasonably discreet and prudent person, who has a certain set of facts and circumstances upon which the mind has to act in determining whether a person is guilty, would be naturally influenced by what a lawyer in good standing would say to him upon the subject. In that view advice of counsel is strong. But I cannot say that advice of counsel, without reference to the facts and circumstances under which the advice was given, will form a defense to an action of this sort." Thereupon the defendant took another exception.

Prior to the request which we have quoted and the reply which the court had made thereto, in the body of the charge referring to the facts and circumstances, as well as the knowledge and information which the defendant had received, the court adverted to the advice of counsel, and in effect stated that if the defendant, upon such facts and circumstances, and knowledge and information which he possessed, and upon the advice of counsel, believed that the plaintiff was guilty of the offense charged, then probable cause was made out and the defendant was protected and this action could not be maintained.

It is to be observed that the request which was made limited the advice of counsel to a statement of defendant's case instead of referring to all the facts and circumstances, knowledge and information possessed by the defendant. We think the exception was unavailing.

In Hall *v.* Suydam, 6 Barb. 84, it was said in regard to this question that " it is properly a question for the jury whether such party acted *bona fide* on the opinion given him by his professional adviser believing that the plaintiff was guilty of the crime of which he was accused, or that he had a good

cause of action against the plaintiff ; " and it was also further said : " Good faith merely, in making a criminal charge against another, is not sufficient to protect the party from liability. There must be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person charged was guilty of the crime of which he was accused, to make out such a probable cause as will be a defense to an action for a malicious prosecution."

In Shafer *v.* Loucks, 58 Barb. 426, it was said : " Belief, and reasonable grounds for belief, are undoubtedly both essential elements in the justification of probable cause. A man must act fairly, prudently, cautiously and reasonably, as well as in good faith. This, I think, is sound law. That is, he must not act upon mere conjectures, or impulse or passion."

We think the case from which we have made the quotation was followed by the trial judge in presenting this case to the jury.

The counsel for the defendant asked the court to charge the jury that the defendant " had the right in making up his mind whether the plaintiff was acting in good faith in making a claim in regard to these premises and in cutting this timber, to take into consideration the fact that he had been convicted of burglary and larceny." In response to that request the court observed : " I will say to the jury that they may take into consideration all the proof that has been given that may properly bear upon the conduct of the man. I don't like to single out a thing of that sort and say that they shall take it into consideration. I will leave it for them to do as they choose about it." Thereupon the defendant's counsel inquired, viz. : " Is our request declined ? " The court replied, " Yes, in your express words I decline." Thereupon an exception was taken. We think the trial judge sufficiently left the fact involved in the request to the jury for

·their consideration, and he committed no error in declining to yield to the precise language of the request.

We have looked at the other exceptions found in the appeal book, and are of the opinion that none of them present a ground upon which a reversal should be had.

Judgment and order affirmed, with costs.

MARTIN and MERWIN, JJ., concur.

NOTE ON "TERMINATION OF PROCEEDING AS CONDITION PRECEDENT TO MAINTENANCE OF ACTION FOR MALICIOUS PROSECUTION."

It is well settled in actions of this kind that, in order to entitle the plaintiff to recover, it must be made out clearly that the charge preferred has been dismissed and the plaintiff acquitted, or that the prosecution has ended in his favor. Robbins *v.* Robbins, 60 Hun, 583 ; Bacon *v.* Townsend, 6 Barb, 426 ; Hall *v.* Fisher, 20 Id. 441 ; Palmer *v.* Avery, 41 Id. 290 ; Clark *v.* Cleveland, 6 Hill, 344 ; McCormick *v.* Sisson, 7 Cow. 715.

All that the law requires of the party who seeks to recover for malicious prosecution is to show that the proceeding he complains of has terminated in his favor. If he alleges that the adverse party maliciously caused an attachment, order of arrest or injunction to be granted, he has clearly shown himself entitled to maintain his action for malicious prosecution when he proves that the particular proceeding complained of has been decided favorably to him. See 32 Alb. L. J. 124.

Where a suit is pending, no action in the nature of a suit for maliciously, or without probable cause, instituting the pending action can be maintained. Jones *v.* McCaddin, 21 W. Dig. 53.

An action for malicious prosecution is proper after the vacation of an order of arrest on the merits, if no appeal is taken. Ingraham *v.* Root, 51 Hun, 238.

The plaintiff must allege and prove non-appeal. Id.

. Where a party has a final judgment in his favor upon a trial, the prosecution is so far terminated that he may sue for malicious prosecution. Marks *v.* Townsend, 97 N. Y. 590. If an appeal is taken from the judgment, it may furnish a reason for staying the trial of the action for malicious prosecution until the decision of the appeal. Id. If the judgment should be affirmed, it cannot be held that the action was prematurely commenced. If it should be reversed, the action will then be pending, and this fact will furnish a defense. Id. A party, who commences such an action while an appeal from the decision in his favor is pending, simply takes the risk of an adverse decision upon the appeal and thus of suffering defeat in the action. Id.

Note on " Termination of Proceeding, etc."

The rule requiring that before an action for malicious prosecution can be maintained, the plaintiff is bound to show a termination of the criminal proceeding, has for its foundation that it cannot be known that the prosecution was unjust or unfounded until it is terminated ; and, if the action for malicious prosecution was allowed to be maintained before the termination of the criminal proceeding, the plaintiff might be found guilty in that proceeding, and yet maintain his action for malicious prosecution on the ground that he was not guilty, and that the defendant has no probable cause to believe him guilty ; and thus there might be two conflicting determinations as to the same transaction. Robbins *v.* Robbins, 44 N. Y. St. Rep. 684. But, where the criminal proceeding is terminated favorably to the accused or without his conviction, so that there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense without the commencement of a new proceeding, there has been a sufficient termination thereof to enable him, upon proving the other requisite facts, to maintain an action for a malicious prosecution. Id. It cannot, in reason, make any difference how the criminal prosecution is terminated, provided it is terminated and at an end. Id.

Where a poor and helpless woman is arrested and the police justice informs her, before he makes his final decision, that he is inclined to hold her to bail, and she, being friendless and unable to furnish bail, promises good behavior in the future if he will discharge her, and thereupon he enters a discharge, she can maintain her action for malicious prosecution if she can show that the criminal proceeding was instituted maliciously and without probable cause. Id. Proof that the discharge was made under such circumstances cannot furnish, upon principle, an absolute bar to the action. The motive of the judge or justice in making the discharge is wholly immaterial. The real foundation of the action is the malicious prosecution without probable cause, and the termination of the criminal proceedings is a mere technical matter in no way concerning the merits of the action and is a mere condition precedent to its maintenance. Any termination, therefore, as a general rule, furnishes the condition precedent. Id.