### JAMES *v.* SAMMIS *et al.*

*(Supreme Court, General Term, Second Department.* May 12, 1890.)

HIGHWAYS—ESTABLISHMENT BY USER.
Laws N. Y. 1865, c. 6, providing for highways by user for 20 years in the counties of Suffolk and Queens, immediately upon its taking effect, converts roads in those counties which had been previously used by the public as thoroughfares for 20 years into public highways, by operation of law.

Appeal from a judgment on report of referee.
Action by David H. James against Isaac Sammis and others. From a judgment entered in favor of defendants the plaintiff appeals.
Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Charles R. Street,* for appellant. *George C. Hendrickson, N. S. Ackerly,* and *W. B. Codling,* for respondents.

DYKMAN, J. This is an action for trespass on land for taking down a fence near the residence of the plaintiff, and the defense is based upon the existence of a highway upon which the fence so removed was an encroachment. The trial was before a referee, to hear and determine the action, and he decided in favor of the defendants. He found that the land from which the fence was removed was a public highway, and had been used as such continuously for at least 40 years prior to the time of the erection of the fence, in 1869, and that the fence was an encroachment and obstruction on such highway. He then found that the defendants, Isaac Sammis, Charles A. Ritter, and Whitson M. Smith, were commissioners of highways on the 23d day of May, 1887, when the acts of which the plaintiff complains in this action were committed, —were commissioners of highways of the town of Huntington, where the premises of the plaintiff are situated; that the highway bounding the plaintiff's farm on the south had been used as a public highway continuously for at least 40 years prior to the erection of the fence in question; that on or about the 7th day of September, 1885, Selah Smith, Charles A. Ritter, and Jonathan Jarvis were the commissioners of highways of the town of Huntington, and duly ascertained, described, and entered on record in the town-clerk's office of that town such highway; that the fence of the plaintiff encroached upon the highway, and the last-named commissioners on the 29th day of March, 1886, made an order ascertaining and properly describing and defining such

encroachment, and on the 1st day of April, 1886, served the same on the plaintiff, with a proper notice requiring him to remove the fence, which he neglected and refused to do, and then the first-named commissioners, on the 23d day of May, 1887, made an order requiring the defendant James Kirby, who was the overseer of highways for the road-district where the highway was situated, to remove such fence, and the same was removed under that order; and such removal constituted the trespass complained of by the plaintiff in this action. All these findings of the referee are sustained and supported by evidence which was substantially uncontradicted, and we find them entirely satisfactory, and sufficient to justify the judgment from which this appeal is taken.

The plaintiff, however, seeks to escape from the effect of the proceedings of the highway commissioners for the removal of his fence by an appeal to the old highway law, known as the "Long Island Counties Act," passed in 1789, in which there was no provision for a highway by user. That statute was amended in 1830 and in 1863. Then the act of 1830, and the amendments thereto, were repealed by chapter 514 of the Laws of 1864, and an effort was made by the second section of that act to extend the provisions of the Revised Statutes relative to highways and bridges to the counties of Suffolk and Queens. The effort failed, however, by reason of an erroneous reference to the title of the Revised Statutes; the reference being to title 2, instead of title 1. That error was cured by chapter 6 of the Laws of 1865, by which it was enacted that the provisions of title 1, c. 16, pt. 1, of the Revised Statutes, and all acts amending or repealing the same, relating to highways and bridges, were extended and made applicable to the counties of Suffolk and Queens. The effect of the extension of the provisions of the Revised Statutes relating to roads and bridges over the counties of Suffolk and Queens was to make the road in question a public highway. The contention of the plaintiff is that the highway in question could not have been established by user unless it had been used as such for 20 years prior to 1797, and that in-sistance is based upon the Long Island counties act, and the amendments thereto, and the fact that the provisions of the Revised Statutes respecting highways had no operation in Suffolk county prior to 1865. This argument, however, is fallacious; and its fault lies in the failure to recognize the effect of the extension of the Revised Statutes to the Long Island counties. When that extension was made, in 1865, the road in question was in existence, and had been used as a thoroughfare for more than 20 years; and it was imme-diately converted into a public highway by operation of law, and it was such when the fence in question was erected and set within its limits, in 1869. Such fence, therefore, constituted an encroachment when it was built on the street, and its removal might have been secured by some proceeding known to the law. If it be true, as the plaintiff contends, that the fence could not have been removed at that time by proceedings for an encroachment, because the highway had not been laid out under the Revised Statutes, it is equally true that the statute was amended by chapter 245 of the Laws of 1878 so as to include all highways; and that act avoided the difficulty which had been found to exist under the former statutes, and provided for the removal of ob-structions and encroachments from roads which had been laid out, or ascer-tained and described and entered of record, and also from all roads not re-corded which have been, or shall have been, used as public highways for 20 years or more. That statute became applicable to the road in question im-mediately upon its enactment, and clothed the highway commissioners with the power which they exercised. It must be remembered that it was not the proceedings of the commissioners that made the road in question a public highway. That office was performed by the statute when the road had been used for more than 20 years, independent of any judgment of the commis-sioners. The erection of the fence was wrongful from the beginning, and

the statute of 1878 furnished an additional means for its removal, which was available as soon as it was provided. It was an additional remedy for an existing evil. The plaintiff had no right to maintain the fence where it was, and never had, and it was at all times subsequent to its erection subject to removal; and the claim of the plaintiff, that it could not have been removed when it was erected, cannot be allowed. Its removal could have been secured at any time by appropriate legal proceedings.

The plaintiff endeavors to raise some objection to the order of the commissioners for indefiniteness or uncertainty, but he can make no attack upon any of those proceedings in this action. They stand for the justification of the action taken under them, and they are valid and effectual until they are set aside on review. The plaintiff charges the defendants with a wrongful trespass on his land, and their justification is complete when they show that the premises which they entered did not belong to the plaintiff, but had been for a long time a public highway, which they cleared from encroachment in the manner provided by law.

Our conclusion, therefore, is that the road in question had been used by the public for more than 20 years prior to 1865, when the provisions of the Revised Statutes relating to roads and bridges were extended over the counties of Suffolk and Queens; that immediately upon such extension the road became a public highway by operation of law; that when the fence removed by the defendants was set out upon the highway, in 1869, it became an unlawful encroachment thereon, and its removal might have been procured at any time by the means and measures provided by law; that the statute of 1878 provided another means for the removal of the fence, which was adopted by the defendants; that the plaintiff never had any right to the continuation of the fence, and can maintain no action against the commissioners, and those acting under them, for its removal. The exceptions present no error, and the judgment should be affirmed, with costs. All concur.