WALLACE S. HATHAWAY AND ANOTHER, APPELLANTS, *v.* JERE L. JENKS, RESPONDENT.

*Encroachment on highway — removal of fence — action against commissioner of highways for trespass — notice to remove encroachment — collateral attack upon — certificate, that the title to real property was in question — review of, on appeal.*

Where a certificate that the title to real property had come in question was granted some days after the trial of an action of trespass, and it did not appear whether or not it was given upon a hearing, and it was not referred to in the notice of appeal as an intermediate order:

*Held,* that it was not reviewable on appeal from the final judgment in the action.

*Semble,* that if such certificate of title were granted upon a hearing an appeal directly from it would lie; and that if given without a hearing a motion might have been made to set it aside, and an appeal then taken from the order made on such motion.

*Quære,* whether the sufficiency of a notice for the removal of a fence as an encroachment upon a highway,. served under the statute (2 R. S. [8th ed.], 1388, § 103), can be attacked in an action of trespass against a commissioner of highways.

*Semble,* that an action of trespass does not lie against a commissioner of highways for removing, in the discharge of his official duty, and without unnecessary damage, an encroachment upon a highway, consisting of a fence within the boundaries of the highway, after notice, although informal, to the owner of the land bounded by the highway, by whom the fence was maintained.

APPEAL by Wallace S. Hathway and B. C. Hathaway plaintiffs, from a judgment of the Supreme Court, entered in the Otsego county clerks office on the 21st of February, 1891, upon a verdict in favor of the defendant at the Otsego Circuit ; also from an order made at the Owego Special Term on the 15th of April, 1892, and entered in the Otsego county clerk's office on the 26th day of May, 1892, denying a motion for a new trial made by the plaintiffs upon a case and exceptions.

The action was in trespass. It was commenced in a justice's court and came into this court on a plea of title. The plaintiffs in their complaint allege that they are the owners and in possession of a farm situate in the town of Otego and bounded on the easterly side by a highway known as the west branch of the Otsdawa, and that upon their line on that side they have for more than twenty years maintained upon their own premises a fence necessary for their farm purposes ; that on or about September 25, 1889, the defendant wrongfully entered upon their premises and tore down the fence for about fifty rods along said easterly line to their great damage. The defendant interposed a general denial, and also alleged that the fence was upon the highway and was an unlawful and wrongful encroachment and obstruction, and was so maintained wilfully by the plaintiffs ; that the defendant was the sole highway commissioner of the town, and as such duly ordered the removal of the fence from the bounds of the highway and duly served the plaintiffs with a copy of the order and notice requiring the plaintiffs to remove the fence within the time required by law ; that thereupon after the

lapse of sixty days, the plaintiffs having neglected to move the fence, the defendant did so as he lawfully might. It was also alleged in the answer that the title to the lands upon which the alleged wrong was committed was not in the plaintiffs but in one Sheldon subject to the highway.

In the appeal papers there is no certificate that the case contains all the evidence.

*A. P. Barber*, for the appellants.

*Tilley Blakely*, for the respondent.

MERWIN, J.:

The highway in question was laid out in 1837, and the main question litigated at the trial was whether the fence of the plaintiffs was within its bounds. The court charged the jury that if any part of the fence that was removed was not within the boundaries of the highway as laid out the plaintiffs could recover. The verdict of the jury in favor of the defendant was, therefore, in effect, a finding that all of the fence was within the boundaries and was an encroachment upon the highway. The evidence is sufficient to support the verdict.

But the plaintiffs claim that although the fence was an encroachment and the defendant was the highway commissioner, still he had no right to remove the fence, because the notice which he served upon the plaintiffs was defective in not fully complying with the provisions of the statute. (2 R. S. [8th ed.], 1388, § 103.)

A copy of the order for removal was served with the notice and referred to therein as being annexed. In the order the original survey was recited and the width of the road as intended to be and as laid out was given, and it then stated that "said highway is encroached upon, on the westerly side thereof, by the fence of Wallace Hathaway and of Berosus Hathaway as follows, to wit: At a point west of and opposite of the south-west corner of a lot of land formerly known as the Lent lot, now owned by Timothy Sheldon to the extent of one and one-half rods; at a point twenty rods north of the point first above mentioned to the extent of one rod; at a point thirty rods south of the point first above mentioned to the extent of one rod."

In the notice the encroachment was described in the same terms and the plaintiffs were required to remove it within sixty days. The claim of the plaintiffs is that the provision of the statute that requires the order and notice to specify " the extent of the obstruction or encroachment and the place or places where the same shall be," was not complied with.

The plaintiffs did not deny the encroachment as they had a right to do under the statute (§ 105), and made no objection then to the sufficiency of the description in the notice or order. These were served on plaintiffs on the 27th of May, 1889. The defendant waited until September fifteenth following and then removed the fence to the edge of the highway.

In *James v. Sammis* (10 N. Y. Supp., 143–145), which was an action for trespass like the present one, objections seem to have been made by the plaintiff to the order and notice that they did not sufficiently state the extent and place of encroachment. The court say that the plaintiff could make no attack upon any of those proceedings ; that they were valid and effectual until set aside on review. The case was affirmed in the Court of Appeals, but upon other grounds. (132 N. Y., 239.)

In the present case the plaintiffs apparently, made no effort to comply with the order. It might have been more definite, but the plaintiffs were not misled by it. The real issue between the parties was over the location of the highway as laid out. Very evidently the plaintiffs knew that if the line was as claimed by the commissioner, the fence was an encroachment.

But assume the notice was not sufficiently definite, is the defendant for that reason precluded from taking advantage of the fact, as found by the jury, that all of the fence was an encroachment ? In *Van Wyck v. Lent* (33 Hun, 301, 304) it is said that " the highways of the State are made for and devoted to public travel, and the whole public have the right to their use in their entirety, and when obstructions to public travel are found within their bounds, the commissioners of highways are clothed with power to remove them without waiting for the slow process of law, even though travel be not absolutely and entirely prevented." This view finds support in other cases. (*Cook v. Harris*, 61 N. Y., 448 ; *Wetmore v. Tracy*, 14 Wend., 250.) In *Davis v. Mayor, etc.* (14 N. Y., 524), it is said by Judge

DENIO that "any permanent or habitual obstruction in a public street or highway is an indictable nuisance, although there be room enough left for carriages to pass." (See Wood on Nuisances, § 252, and cases cited.) In *Harrower* v. *Ritson* (37 Barb., 301) this principle was conceded as applicable to encroachments by fences, but it was held that an individual had no right to abate such a nuisance unless it interfered with the use of the road by the public. In *Griffith* v. *McCullum* (46 Barb., 561) it seems to have been held that, unless an encroachment upon a highway by fences is such as to constitute a private nuisance as well as a public one, an individual, even though he be commissioner of highways, is not justifiable in removing the fence, and that the remedy furnished by the statute in such cases is exclusive. The statute, however, does not make it exclusive, and the view taken in the Van Wyck case seems to me to be preferable.

The commissioner of highways has the care and superintendence of the highways, and in that regard represents the public. His jurisdiction in the performance of his duty extended over the whole width of the highway as established. (*Driggs* v. *Phillips*, 103 N. Y., 77, 83.) If, in the discharge of his official duty, he removes without unnecessary damage an encroachment like the present, after notice, though informal, to the owner, he should not be deemed a trespasser. It would follow that this action is well defended.

It is further claimed by the plaintiffs that the court erred in giving at the close of the trial a certificate that the title to real estate came in question upon the trial.

The trial closed upon January 20, 1891. The certificate is dated February 6, 1891, and it does not appear whether or not it was given upon a hearing of the parties upon the subject. No motion on the subject appears to have been afterwards made. The certificate is not referred to in the notice of appeal, and is, therefore, not reviewable here, if it is to be deemed an intermediate order. (Code, § 1301.) If the certificate was granted upon a hearing, very likely an appeal directly from it would lie. If the certificate was given without a hearing, a motion might have been made to set it aside and an appeal then taken from the order made on such motion. (*Hawkins* v. *Peterson*, 9 Week. Dig., 408; *Barney* v. *Keith*, 6 Wend., 555;

*Lillis* v. *O'Conner*, 8 Hun, 282.) As the case stands, the question whether the certificate was properly given is not before us.

The judgment and order appealed from should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.