EUGENE J. KLINE, Appellant, *v.* JOHN P. HIBBARD and Others, Respondents.

*Commissioners of highways — removal of encroachments — abuse of legal process — malicious prosecution — action to recover damages therefor — want of probable cause the basis thereof — when a question of law, when one of fact.*

Commissioners of highways, in the discharge of their official duties, may remove an encroachment upon a highway after notice thereof, although such notice is informal.

An action or proceeding instituted by one person against another from wrongful or improper motives, and without probable cause to sustain it, is a malicious prosecution. There is a distinction between a malicious prosecution and a malicious abuse of legal process.

An abuse of legal process is where a party employs such process with some unlawful object in view and not to effect the purpose for which it was intended by law.

It is the right of every person to institute criminal proceedings whenever he believes a public offense has been committed; and it would be both unjust and impolitic to make a prosecution which fails an actionable wrong; it is, however, the duty of every one not maliciously to institute against another proceedings which he has no good reason to believe are justified by the facts and law.

To sustain an action for malicious prosecution it is necessary that three elements should concur in the transaction complained of, viz., the proceeding must have been instituted without probable cause; there must have been malice in instituting it, and it must have been completely terminated. The want of probable cause is the essential basis of the action, and the burden is upon the plaintiff to prove, by circumstances or otherwise, that the defendant had no probable ground for commencing the prosecution.

What facts and circumstances amount to probable cause is a pure question of law, but whether they exist or not is a question of fact. If the facts are controverted, then the question of probable cause should be submitted to the jury with instructions from the court as to the law. But when the facts are undisputed, or the plaintiff's evidence fails to show want of probable cause, it becomes a mere question of law which the court must decide.

APPEAL by the plaintiff, Eugene J. Kline, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Onondaga on the 8th day of November, 1893, upon the dismissal of the complaint directed by the court after a trial at the Onondaga Circuit before the court and a jury, and also from a decision and order made at the Onondaga Circuit and entered in said clerk's office nonsuiting the plaintiff, with notice of

an intention to bring up for review on such appeal the said judgment, order and decision.

*Homer Weston*, for the appellant.

*Goodelle & Nottingham*, for the respondents.

MARTIN, J.:

This action was brought for malicious prosecution. The defendants were commissioners of highways of the town of Onondaga, N. Y. It appeared by the undisputed evidence in the case that in the village of Onondaga Valley, a hamlet in the town of Onondaga, a strip of land about sixty rods in length and six rods in width had been used uninterruptedly by the public for street and other purposes for a period of much more than twenty years. The plaintiff was the owner and in possession of a lot which fronted upon this land. Some time in the summer or fall of the year 1892 he inclosed a portion of it in front of his premises, by surrounding it with a pipe and post fence, by which the public was excluded therefrom and deprived of its use for the purposes for which it had formerly been used. The land inclosed had been used for more than twenty years as a road or passageway for travelers on foot, and sometimes teams were driven upon and across it. A sidewalk passed over it, and was in general use by persons going along that side of the street.

The manifest object of the plaintiff in erecting this fence was to procure the use of a portion of this land to which he had no right, and to deprive the public of its use for any purpose, and especially as a street or highway. That he had no title to the premises thus inclosed, except such as was subject to the public easement, is obvious from the proof in this case. After he had thus inclosed this land, and on or about November 26, 1892, the defendants, as commissioners of highways of the town of Onondaga, served upon him a written notice requiring him forthwith to remove his fence and a sidewalk he had built in front of the land so inclosed. The plaintiff did not comply with the requirements of this notice, but permitted the fence and walk to remain there until December 5, 1892.

On that day the defendants, as such commissioners, went to the place where the fence and sidewalk were, and commenced to remove them to enable the public to have the use of the premises for the

purpose of passing over them as they had previously done. While the defendants were engaged in removing these obstructions, the plaintiff attempted to prevent them from doing so, and forcibly resisted the defendants in their efforts to remove them. Thereupon the defendants went to the office of George B. Clark, Esq., who was a justice of the peace in and for the town of Onondaga, and stated to him the facts relating to this transaction, who advised them that the plaintiff was liable to arrest under the provisions of sections 47 and 124 of the Penal Code, for resisting public officers while engaged in the performance of their duties. The defendants then made a written complaint in which it was in effect stated that while they were attempting to perform their duties as such public officers, by removing the fence and walk in question, the plaintiff with force and arms willfully resisted them, and directed the men in his employ to aid him therein.

Upon this complaint the justice issued a warrant for a violation of sections 124 and 47 of the Penal Code in resisting public officers in discharging, or attempting to discharge, the duties of their office, and the plaintiff was subsequently arrested thereon. Afterwards he moved for his discharge on the ground of the insufficiency of the complaint and warrant, which motion was denied. He then pleaded "not guilty," and elected to be tried by the justice and a jury. A jury was subsequently drawn, and upon the adjourned day the complainants were permitted, against the plaintiff's objection, to withdraw the warrant, and no further proceedings were had in the matter.

The plaintiff was not imprisoned, except that he was arrested by an officer, taken before the justice, and afterwards permitted to go where he pleased, but directed to be present at the times to which the proceedings were adjourned. It is for that prosecution and arrest that this action was brought.

On the trial, after the evidence was closed, the court granted a nonsuit. The grounds upon which the motion was made, briefly stated, were : That the evidence failed to show a cause of action; that the plaintiff failed to show any right or title in himself to the premises in dispute, or any right to build a fence or walk thereon ; that he failed to show want of probable cause for making such complaint and arrest, and that there was no evidence of malice in making the complaint.

The correctness of the court's ruling in nonsuiting the plaintiff is challenged by him, and presents the most important and substantially the only question involved in this case. That the strip of land inclosed by him had been dedicated to the use of the public, and accepted for highway purposes among others, there can, we think, be no doubt. Therefore, in examining the question in this case, it must be assumed that the land in question had been dedicated and accepted for the purposes for which it had been used by the public for more than twenty years, and that one of the purposes was the use of it as a sidewalk by persons traveling along that side of the highway, and for driving upon when desired. We think the land in question had so far become a part of the public street or highway as to authorize the defendants, as such commissioners, to remove any obstruction to the ordinary travel over it. Hence, the question arises whether the defendants, in removing such obstructions, were confined to the statutory remedy for the removal of encroachments upon public highways, or, whether they might, in their discretion, remove them without resorting to such proceedings. That question is not an open one in this court, as it has, in effect, been held by us that commissioners of highways, in the discharge of their official duties, may remove an encroachment upon a highway, after notice thereof, although informal. (*Hathaway* v. *Jenks*, 67 Hun, 289.) Thus, we are led to the conclusion that the defendants, as such commissioners in the discharge of their official duties, were authorized to remove the obstructions in question.

That the defendants were public officers was known to the plaintiff ; that they were acting in the discharge of their official duties as such, in the removal of the fence and sidewalk, was apparent, and must have been understood by him ; and he admits that he resisted them in the performance of such duties. Under these circumstances, we do not think he was entitled to recover, or to have any question in the case submitted to the jury.

It is the lawful right of every person to institute and set on foot criminal proceedings whenever he believes a public offense has been committed ; and it would be both unjust and impolitic to make the prosecution which fails an actionable wrong. Nevertheless, it is a duty which every one owes to another not to institute proceedings maliciously against him, which he has no good reason to believe are

justified by the facts and law. / An action or proceeding instituted by a person against another from wrongful or improper motives, and without probable cause to sustain it, is a malicious prosecution. There is a distinction between malicious prosecution and a malicious abuse of legal process. An abuse of legal process is where a party employs it for some unlawful object, and not to effect the purpose for which it was intended by law. It is clear that this action was for malicious prosecution and not for a malicious abuse of legal process, although the appellant in his brief seems to intimate that it was for the latter.

To sustain an action for malicious prosecution it is necessary that three elements shall concur in the transaction complained of : (1) The proceeding must have been instituted without probable cause. (2) There must have been malice in instituting it. (3) It must have been completely terminated. The want of probable cause is the essential basis of the action, and the burden is upon the plaintiff to prove by circumstances, or otherwise, that the defendant had no probable ground for commencing the prosecution. What facts and circumstances amount to probable cause is a pure question of law ; but whether they exist or not may be a question of fact. If the facts are controverted, then the question of probable cause should be submitted to the jury with instructions from the court as to the law. But when the facts are undisputed, or the plaintiff's evidence fails to show want of probable cause, it becomes a mere question of law which the court must decide. These principles are so far elementary that no authorities need be cited to sustain them. Applying them to this case, it is obvious that the question of want of probable cause was one of law to be decided by the court.

A careful consideration of the evidence in this case has led us to the conclusion that it was insufficient to justify the court in holding that there was a want of probable cause or in submitting the case to the jury, and that the plaintiff was properly nonsuited.

Having examined the other exceptions to which our attention was called by the appellant's brief, and having found none that would justify a reversal of the judgment, or that requires special examination, we think the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.