HOSEA SHIPMAN, Appellant, *v.* HERBERT A. LEARN and EDWIN BOOTH, Respondents.

*Malicious prosecution — charge of petit larceny — when the facts are undisputed, probable cause is a question of law.*

Where an action is brought for an alleged malicious prosecution and the facts are not disputed, the question whether they furnished a probable cause for a prosecution which had been instituted by the defendant, is one of law for the court.

Upon the trial of such an action it appeared that one Jesse Slocum, being the owner of a chestnut orchard, arranged with the defendant Learn to gather the chestnuts on shares; that Learn had employed the defendant Booth to watch the orchard; that the plaintiff, and certain persons who were with him, stopped at the orchard to gather chestnuts, although they had no permission to do so from any one, and while so engaged Booth appeared, found one of the parties in a tree and ordered all of them to leave the premises; returning soon after and finding them still near the orchard, he ordered them away again, at which time the plaintiff said they would pay for what they had taken.

Subsequently Learn and Booth preferred a charge of larceny against the plaintiff, and he was arrested, tried and acquitted, after which he brought this action.

*Held*, that the action could not be maintained;

That the circumstances justified Booth in concluding that the plaintiff was engaged in committing the crime of petit larceny.

APPEAL by the plaintiff, Hosea Shipman, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Cattaraugus on the 13th day of June, 1895, upon a nonsuit granted by the court after a trial at the Cattaraugus Circuit before the court and a jury.

*Henry Donnelly*, for the appellant.

*J. R. Jewell*, for the respondents.

LEWIS, J. :

This action was brought by the plaintiff to recover damages for an alleged malicious prosecution of the plaintiff by the defendants. One Jesse Slocum was the owner of a chestnut orchard in the county of Cattaraugus. He had made an arrangement with the defendant Learn to gather the chestnuts in the orchard upon shares. Learn had employed the defendant Booth, who resided in the vicinity of the orchard, to look after the chestnuts and protect them from the depredations of others. The plaintiff, in company with some of his friends, had occasion to pass the orchard in question, on his way to another chestnut orchard in the vicinity, where he and his friends were intending to gather some chestnuts. As they came to the Jesse Slocum orchard, plaintiff and his party stopped to get some chestnuts. The son-in-law of the plaintiff, Mr. Porter, climbed into one of the trees for the purpose of shaking off some chestnuts. The defendant Booth at this time appeared upon the scene, and inquired of the plaintiff and his party if they had permission of the owner to gather chestnuts. On receiving a negative reply, he directed them all to leave the orchard. Porter at once came down from the tree. Booth went away; he returned in about five minutes and found the plaintiff and his party still near the orchard. Booth thereupon again directed them to leave the premises, and threatened to make trouble for the plaintiff and his party. Plaintiff, upon being informed by Booth of Learn's interest in the chestnuts, told Booth that he knew Mr. Learn, and would pay him for what chestnuts they had taken. The plaintiff's party had with them a small pail and a grape basket. The defendants thereafter appeared before a justice of the peace of the county, and preferred a charge of larceny against the plaintiff and his son-in-law. The justice

issued a warrant against plaintiff. The plaintiff was arrested, and tried and acquitted of the charge, and thereupon brought this action. Upon the motion of defendants' attorney, the plaintiff was nonsuited at the close of his evidence upon the ground that he had failed to establish a want of probable cause for the prosecution on the part of the defendants.

The burden was upon the plaintiff to prove by circumstances or otherwise that the defendants had no probable ground for instituting the prosecution. (*Kline* v. *Hibbard*, 80 Hun, 50.) The facts and circumstances of the case being undisputed, whether they amounted to a probable cause for the prosecution was a question of law for the decision of the court. (*Hazzard* v. *Fleury*, 120 N. Y. 223.) Booth found the plaintiff and his party in the act of appropriating to their own use property which did not belong to them, without the consent of the owner. They had with them a basket and a pail, convenient articles with which to take away any chestnuts which they might obtain. The evidence thus presented to Booth was quite sufficient to justify his conclusion that they were engaged in committing the crime of larceny. Without expressing any opinion as to the good taste and propriety of the defendants preferring the serious charge of larceny against the plaintiff, under the circumstances, it cannot be doubted that there was sufficient evidence to justify the defendants in the belief that the plaintiff had been guilty at least of the technical crime of petit larceny.

Plaintiff had appropriated to his own use the property of another under circumstances which, so far as they presented themselves to the defendants, amounted to the crime of larceny. (§ 528 of the Penal Code.)

It is urged by the appellant's counsel that the prosecution was instituted by the defendants for the purpose of revenge, and our attention is called to the declaration of the defendant Booth, that he would report the facts to Learn, and if he could have his way he would prosecute the plaintiff, with a view of having revenge. If, as we have suggested, the facts and circumstances were such as to justify the defendants in believing that the plaintiff had been guilty of the crime charged against him, and they instituted the prosecution believing that he had committed the crime of larceny, they are not liable in an action of malicious prosecution, even though the

plaintiff Booth may have been actuated by motives of revenge in instituting the prosecution. The plaintiff, we think, failed to make a case entitling him to a verdict.

The judgment appealed from should be affirmed.

BRADLEY and WARD, JJ., concurred.

Judgment affirmed.