(40 Misc. Rep. 13.)

### O'DELL v. HATFIELD.

(Supreme Court, Special Term, Cortland County. February, 1903.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.
    Where, in an action for malicious prosecution, the facts are not disputed, the question of probable cause is for the court.

2. SAME.
    Where an overseer of highways, without authority and against defendant's protest, tears down his fence bounding a highway, defendant is not guilty of malicious prosecution in causing the arrest of such overseer.

3. SAME—FAILURE TO PROSECUTE.
    Failure to prosecute after arrest is insufficient to show want of probable cause in making the arrest.

Action by Clarence O'Dell against Alanson Hatfield. Complaint dismissed, and motion for new trial denied.

¶ 3. See Malicious Prosecution, vol. 33, Cent. Dig. § 49.

William D. Tuttle, for plaintiff.
Dougherty & Miller, for defendant.

FORBES, J. The action is for malicious prosecution. The plaintiff was arrested upon an information, under a criminal warrant, for tearing down and destroying a fence inclosing the defendant's premises along a public highway. The questions to be examined are: First. Are the information and the warrant upon which the arrest was made sufficient in form? Second. Was there reasonable and probable cause for the institution of the criminal proceeding?

I think the warrant and information are sufficient. People v. Upton, 29 N. Y. St. Rep. 777, 9 N. Y. Supp. 684, and cases there cited; Id., 55 Hun, 612, 9 N. Y. Supp. 684; People ex rel. Allen v. Hagan, 170 N. Y. 46, 62 N. E. 1086. Both the informant and the prosecutor were sworn and examined before the magistrate. Code Cr. Proc. § 148. The information charges a criminal offense. Code Cr. Proc. § 149.; Pen. Code, § 654.

At the close of the plaintiff's evidence the complaint was dismissed. This is a motion for a new trial upon the minutes, under section 999 of the Code of Civil Procedure.

Plaintiff established the following facts: The defendant instituted the criminal proceeding and caused the plaintiff's arrest. The proceeding was terminated by the discharge of the plaintiff without trial, the prosecutor not appearing. Upon the trial the court held, as matter of law, that the plaintiff had not established want of reasonable and probable cause for the arrest. There was no dispute about the facts, and the question of probable cause is a question of law for the court. Brown v. McBride, 24 Misc. Rep. 235, 52 N. Y. Supp. 620, following Wright v. Bank of Metropolis, 110 N. Y. 249, 18 N. E. 79, 1 L. R. A. 289, 6 Am. St. Rep. 356; Palmer v. Palmer, 8 App. Div. 331, 40 N. Y. Supp. 829; Anderson v. How, 116 N. Y. 336, 22 N. E. 695; Hazzard v. Flury, 120 N. Y. 223, 24 N. E. 194; Shipman v. Learn, 92 Hun, 558, 36 N. Y. Supp. 969; Evins v. Metropolitan St. R. Co., 47 App. Div. 511, 62 N. Y. Supp. 495.

There is evidence sufficient to show that there had been some ill feeling between the parties, and that it probably existed at the time of the arrest. It is asserted on the part of the plaintiff that the defendant had been requested some time in the spring of 1901, and again in the fall of 1901, to take down and remove his road fence at the point in question. This he refused to do. The fence was located upon a stone wall about 18 inches high. The posts of the fence were built or driven into the stone wall, and thus held in place. The plaintiff in the months of November and December, 1901, tore down and removed said fence from its place, without giving proper notice to, and against the wishes of, the defendant. There is no evidence to show that the plaintiff was in any manner authorized to remove the same, nor is there any evidence of an immediate necessity for such removal. On the trial the plaintiff claimed that he was an overseer of the highway and that the fence was removed at the suggestion of the commissioner of highways to prevent the way from becoming drifted at that place. At the time of the removal there had

been a fall of snow. There was no drifting at that time. The roads were perfectly passable. The fence had stood in the same position for many years. The evidence shows that the highway had at times drifted badly at this point. The highway and the land on each side are comparatively level. There was no reason why the plaintiff should assume that the road thereafter might become impassable, and, even had that been anticipated, the public, as a matter of necessity, would have had the right to pass out of the road upon the defendant's land, and thus avoid going through the drifts. Holmes v. Seely, 19 Wend. 507; Williams v. Safford, 7 Barb. 309; White v. Wiley, 36 N. Y. St. Rep. 102, 13 N. Y. Supp. 205.

It had been the custom to shovel through the drifts at this point, and it looks as though the plaintiff was attempting to exercise an authority and power which did not exist in him. Highway Law (Laws 1890, c. 568) § 21. The defendant, therefore, under the circumstances, had the right to assume that when the fence was taken down without his knowledge or consent, and against his protest, it was done maliciously, and that it was an unlawful act. Wrench v. Samenfeld, 47 N. Y. St. Rep. 378, 19 N. Y. Supp. 948; Anderson v. How, 116 N. Y. 336, 22 N. E. 695; People v. Kane, 131 N. Y. 111, 29 N. E. 1015, 27 Am. St. Rep. 574; Highway Law (Laws 1890, c. 568) §§ 21, 72, 105. That it was done innocently and in good faith is no defense to an unlawful interference with the defendant's rights. In other words, there was apparently no necessity for the removal of said fence, since at that time there was no obstruction of the highway. Under the circumstances, the legal test is, what would a prudent and reasonable man have inferred from the depredation committed upon his premises? Fagnan v. Knox, 66 N. Y. 525; Willard v. Holmes, Booth & Haydens, 142 N. Y. 492, 37 N. E. 480. In the case last cited it is held:

"The question is, not what the actual facts were, but what the defendant had reasonable cause to believe they were when instituting the criminal proceeding; and if, as he so believed, those facts furnished probable cause, the failure of the prosecution is no evidence of want of probable cause or of malice."

I think the defendant was warranted in drawing the conclusion that the act was willful and malicious, and therefore an unlawful violation of his rights. People v. Kane, 131 N. Y. 111, 29 N. E. 1015, 27 Am. St. Rep. 574.

In an action for malicious prosecution, the burden is on the plaintiff to show want of probable cause, where he knows the facts on which defendant acted. Kutner v. Fargo, 34 App. Div. 317, 54 N. Y. Supp. 332. In an action of this character "there are four things which must be shown affirmatively—the institution of the proceeding, the want of probable cause, malice, and the termination of the prosecution in favor of the plaintiff—and the burden of proof is upon the plaintiff to show each of these facts." Shafer v. Loucks, 58 Barb. 426; Hamilton v. Davey, 28 App. Div. 457, 51 N. Y. Supp. 88. Hence it is necessary for the plaintiff to prove that the defendant had no reasonable and probable cause to make the complaint against him, and that he did it maliciously and with intent to injure the plaintiff. Osborn v. Stephens, 74 Hun, 91, 26 N. Y. Supp. 160.

It is asserted that the plaintiff, in the removal of the fence in question, was acting as overseer of the highway, under the direction of the commissioner of highways. This does not make the act lawful, since a public officer has no right to use his authority as a cloak for the commission of a crime. If the fence was an encroachment upon the road or an obstruction to the public highway, the defendant should have been given notice to remove it, and, failing to do so, the overseer might then himself lawfully act. Highway Law, supra; Hathaway v. Jenks, 67 Hun, 289, 22 N. Y. Supp. 421; Kline v. Hibbard, 80 Hun, 50, 29 N. Y. Supp. 807, affirmed in 155 N. Y. 679, 49 N. E. 1099.

An overseer or commissioner of highways may lawfully remove obstructions of or encroachments upon a public highway, when a necessity for such removal arises in the administration of his duties; but he should not seize an occasion to do an unlawful act to the injury of the defendant, nor without waiting to see whether the act done was necessary to protect the traveling public. In this case the stone wall along the defendant's premises was at least 18 inches above the highway. This may have been the cause of the prior drifting. In my judgment, the plaintiff, in the performance of his duty towards the defendant, should have waited until there was a real obstruction to the highway at that point, instead of anticipating that there might be such obstruction. For instance, if the winter were a mild one, with very little snow—as the fact was during the winter of 1901 and 1902—then there could be no necessity for taking down or destroying the defendant's fence. It is conceded that no drifts were present down to the time of the commencement of the criminal proceeding, which was instituted about the 6th day of February. The plaintiff know those facts at the time the arrest was made, and it looks as though he was intentionally using his official authority to annoy the defendant and destroy his property. It is true, the evidence shows that the plaintiff sought to justify himself in removing the fence, and his explanation on the trial of his conduct towards the defendant is of no importance in determining the fact of probable cause. If he thought it was necessary to remove the fence at that time, or having removed it without notice and against the defendant's protest, good judgment and good conscience would have dictated that he should have seen his neighbor, to inform him of the facts, and there is little doubt that if he had done so the criminal proceeding would not have been instituted against him. I think the motion for a new trial should be denied, with costs.

Motion denied, with costs.