and independent transaction.   See People v. Adams, 17 Wend. 475.

No other point being raised the judgment should be affirmed. All concur.

---

# Court of Appeals.

### February 9, 1892.

## PEOPLE v. HENRY E. KANE et al.

### (42 St. Rep. 722; 131 N. Y. 111.)

**1.** Malicious mischief—Section 654 of Penal Code.

Under section 654 of the Penal Code, an unlawful, as well as willful, destruction of property must be proved.

**2. Same.**

In such case, the defendant may give evidence in proof of justification of his act.

**3. Same.**

Where the evidence tends to show that the destruction was in the defense of ownership and possession, the question whether there was excusable cause is one of fact.

**4. Same.**

Ownership and possession of property may justify destruction of the means to invade and interfere therewith.

Appeal from judgment of the supreme court, general term, second department, affirming judgment of general sessions of Suffolk county, convicting defendant of the crime of malicious mischief.

Livingston Smith, for appellants.

Benjamin H. Reeve, dist. atty., for respondents.

GRAY, J. — The defendants were indicted and convicted under section 654 of the Penal Code, for the unlawful and willful destruction of property.   The property destroyed was a row

boat belonging to one Davis. There was no dispute as to the will-. ful destruction of the property and it occurred under these cir- cumstances. Its owner had placed it upon the waters of a mill pond, which was indisputably part of the property of one Ed- ward Kane. Davis had been more than once notified by Kane that he must remove the boat; but he refused to do so. Kane then caused it to be removed from the waters of his pond and to be placed upon Davis' land, which bordered upon this pond. Davis then put it back in the water. Kane again removed it and placed it on Davis' land; but Davis put it back and this' time chained it to a tree to prevent its further removal by Kane. Kane having gone to Europe, about the time, had placed his son, one of there defendants, in the possession and care of his prop- erty, informing him of his efforts to keep Davis from putting his boat on the pond and instructing him to see to it that Davis did not further trespass on their property. When Davis persisted in using the pond and put his boat back on its waters, the de-. fendant Kane, as he testified, believing in his right and ad- vised thereto by his lawyer, with the aid of the other defendant broke up the boat. It was done openly and without any con- flict or riotous disturbance. Thereupon this indictment fol- lowed. The trial judge having charged the jury, as a proposi- tion of law, that the destruction of the boat was unlawful, upon the conclusion of his charge the defendants requested of him to charge that "if Lewis S. Davis persisted in putting his boat upon the pond, against the wishes of H. E. Kane, he had a right to destroy the boat, if necessary, in defense of his possession."

"The Court: I decline to charge that as applicable to this case, because I have already charged you, gentlemen, that under the circumstances of this case there was nothing justifying the defendant in destroying this boat as he did. Of course, as a gen- eral proposition in the defense of property, if a horse or any animal is trespassing upon your property, you have a right to use such force as may be necessary. So, if a man attacks you upon your property, you have a right to defend your possession, and use such means as are necessary to its defense. But I instruct you upon the evidence existing in this case, that the boat being there in the pond, even conceding the title of the pond to have been in Kane, that he had no right to actually

break up and destroy the boat, and no right of property applicable to him justified him in so doing."

To this charge, and to the refusal to charge as requested, the defendants excepted, and their exception presents the one question for our consideration upon this appeal.

I presume that the trial judge, in so charging, must have interpreted the provisions of section 654 of the Penal Code to exclude any excusable cause for the destruction of property. I think he erred in his ruling, and in charging as he did. Under this section, in order to establish the offense charged, the elements of an unlawful and of a willful destruction of property must exist and be proved. Though a destruction of property may have been willful, whether it was unlawful may be a question which should be decided by the jury upon the evidence showing the cause or motive. If it was intended that the act alone should constitute the crime, irrespective of the motive, then I do not think the legislature would, in enacting the section, have used the expression "unlawfully." It would have been sufficient to have said "willfully." To the presence of the word "unlawfully" in the section I think we must give some importance and significance.

It may be conceded that the intention with which the offense charged in the indictment was committed is not material to be proved by the People. They may rest upon giving proof of the destruction by the defendant of the property as constituting an offense; but it is perfectly competent for the accused to give evidence in proof of a justification for his act, and then it becomes a question for the jury to decide upon the evidence, whether there was excusable cause for the destruction of the property or not. The intent to destroy undoubtedly existed; but if the jury should believe it to be shown by the evidence that the act was in defense of the possession of property, the criminality was lacking which constitutes the punishable offense against the People. That is claimed by the appellants to have been the case here, and there certainly was evidence upon which the jury might have found that they did the act in defense of the possesion of their property.

I cannot think that there is such a difference in principle between a case of assault and battery in defense of one's property

and that of a destruction of property in the same cause, as that in the latter case it is always unlawful and therefore punishable by the statute, while in the former it may be justifiable.

It has been frequently held that one who is owner and in possession of premises has a right to defend their possession and that defense may justify an assault and battery. Harrington v. The People, 6 Barb. 607, 612; Filkins v. People, 69 N. Y. 101, 106.

In this case it was shown by the evidence that Kane's efforts to prevent Davis from using his property by placing his boat upon it had been persistently opposed and defied. If it had been so flagrant a case as actually to obstruct a proper and rightful enjoyment and use of his property, was Kane bound to submit to it, or to litigate the matter in the courts? I cannot think so. That, in the particular case, the trespass or obstruction may not have been such as to occasion the greatest inconvenience to the property owner, is not a consideration which affects the question of the right. The ownership and possession of property confer a certain right to defend that possession, and I am unable to perceive wherein lies the essential difference in principle between a defense of it which results in an assault and battery and that which results in the destruction of the means used to invade and interfere with that possession. Whether the act done, in either case, was really in defense of one's possession, its character and motive present a question which should be submitted to the jury.

In refusing to allow the jury to take into consideration the circumstances of this case and in instructing them that upon the evidence the defendant had no right to destroy the boat and that no right of property justified him in so doing, I think the trial judge seriously erred and that, therefore, there should be a reversal of the judgment below and a new trial ordered.

EARL, Ch. J. (dissenting).—The defendants were indicted under section 654 of the Penal Code for unlawfully and willfully destroying a small boat which belonged to Lewis S. Davis. They pleaded not guilty, and the indictment was brought to trial in the court of sessions of Suffolk county.

The proof showed, without any dispute, that Davis had placed the boat upon a pond of water belonging to the father of one of the defendants; that the owner of the pond had repeatedly requested Davis to keep the boat therefrom; that he persisted in placing it there, and after the owner of the pond had several times removed it therefrom, he gave instructions to the defendants to destroy it, and they did destroy it by knocking it to pieces with an axe, in the absence of Davis. The defendants were found guilty and fined, and they now claim that the facts found did not show them guilty of any crime.

The main contention of the defendants is that they acted under the advice of counsel that they had a right to destroy the boat and to protect the pond by its removal therefrom in that way, and that they believed they had a right to destroy the boat, and therefore had no guilty intent and could not be convicted of any crime.

The indictment describes the alleged crime in the language of the statute. The offense is precisely defined in the statute, and all it was necessary for the People to prove was that the defendants had unlawfully and willfully destroyed the boat. It was shown that they did it unlawfully, as they did it without any, right or authority of law. It was shown that they did it willfully, as they did it intentionally and purposely. A guilty or wicked intention, which is the essence of many crimes, although not of all, was not made an element of this crime, and it cannot be implied as a necesary ingredient of the crime from the words "unlawfully and willfully" used in the statute. Anderson v. How, 116 N. Y. 336; 26 St. Rep. 787. We think the statute was intended for precisely such a case as this, to protect property against the willful and unlawful destruction thereof by any person, and to secure the peace and good order of society by compelling individuals to resort to the law in disputes about property rights and trespasses, and to have such disputes adjusted by peaceful methods in the appropriate judicial tribunals.

In this case if Davis persisted in unlawfully putting his boat upon this pond the owner of the pond could have sued him for trespass and recovered whatever damage was caused thereby, and such suits he could have repeated from time to time, and

when it became apparent that they would not be adequate to protect his pond from the repeated trespasses, he could have commenced an action in equity to restrain Davis from placing his boat upon the pond, and in such a case an equity court would have jurisdiction for the purpose of preventing a multiplicity of suits. So the owner of the pond was not without an adequate remedy, and there was no necessity for the destruction of the boat in order to protect his pond.

There was no error in the rulings of the trial judge during the trial, or in his charge to the jury, and the judgment should be affirmed.

Judgment reversed and new trial ordered.

ANDREWS, FINCH and PECKHAM, JJ., concur; EARL, Ch. J., reads dissenting opinion, and O'BRIEN, J., concurs; MAYNARD, J., takes no part.