## HOWE v. OLDHAM.

(Supreme Court, General Term, Second Department. May 8, 1893.)

1. ASSAULT AND BATTERY—CONFLICTING EVIDENCE—INSTRUCTIONS.
    In an action for an assault and battery alleged to have been committed on a highway commissioner while attempting to remove an obstruction in a brook crossing a road, which obstruction had been placed there to prevent an alleged trespass, where the evidence is conflicting as to whether the road was public or private, as to the force used by defendant, and as to the circumstances under which it was used, it is error to charge that there was no defense, in any view, and that the only question was on the amount of damages.
2. SAME—JUSTIFICATION.
    In such action it is error to refuse to charge that if this was private property, and defendant, being in possession, with authority to prevent the trespass, used no more force than was reasonable, his justification was complete.
    Barnard, P. J., dissenting.

Appeal from circuit court, Orange county.

Action by Albert G. Howe against Edward M. Oldham for an assault and battery. From a judgment for plaintiff, entered on a verdict, defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

William D. Guthrie, Grant B. Taylor, and George C. Austin, for appellant.

William D. Dickey, for respondent.

PRATT, J. This is an action for an assault and battery. The plaintiff obtained a verdict for $500, and entered judgment thereon. The defense was that defendant was the servant of one Harriman, who owned, and was in possession of, certain lands in Waterbury, Orange county, through which a private road ran, and that plaintiff wrongfully entered on this private road, and attempted to build a bridge over a brook which crossed it; that defendant occupied the brook at the road crossing with a wagon, under directions of his master, and plaintiff attempted to remove the wagon, as an obstruction, whereupon defendant, in defense of his master's property, struck plaintiff, using no more force than was necessary to defend the property. The plaintiff was the commissioner of highways, and claimed that the road was a public highway of the town. If this road was the private property of Harriman, he had the right to prevent plaintiff and his men from entering upon it, because the undisputed evidence shows that Harriman was in possession, through defendant, who was his agent and servant for that purpose, with authority to prevent trespass; and defendant, in the discharge of his duty, had the right to use reasonable and sufficient force to prevent the trespass. See Pen. Code, § 223; People v. Kane, 131 N. Y. 111, 29 N. E. Rep. 1015. If, on the other hand, the road was a public highway, the plaintiff had the right, and, under the circumstances disclosed by the evidence, it was his duty, to remove this wagon, and proceed with the work of building the bridge. This question of fact—whether this was a public or private road—was therefore an important one, because there was conflict of testimony as to the force used by defendant, and the circumstances under which it was used. There was conflict of testimony on the question of the character of this road,—whether public or private. The learned trial judge held, and charged the jury, among other things, that upon the evidence there was no defense, in any view, and that the only question for the jury was upon the amount of damages. Defendant excepted. We think the exception well taken. If, as already stated, this was Harriman's property,—the defendant being his servant, and in possession, with authority to prevent the trespass,—and if he used no more force than was reasonable, his justification was complete. The court was requested to put this view of the case to the jury, but refused, and defendant excepted. We think this exception well taken. Judgment reversed, and new trial ordered, with costs of this appeal to the defendant, to abide the event of the action.

DYKMAN, J., concurs.

BARNARD, P. J., (dissenting.) The complaint was for an assault and battery. The answer denied the assault, and averred that

the assault, if any, was committed in defense of the defendant's employer. Upon the trial, evidence was given tending to show that plaintiff was a commissioner of highways; that, while building an abutment to a bridge over one of the highways of the town, the defendant, to obstruct the work, put a wagon in the brook; that when plaintiff attempted to remove the wagon the defendant struck him, and threw him into the brook. The plaintiff then caused the defendant's arrest for the assault, to which the defendant pleaded guilty. There was proof given by plaintiff tending to show that the road where the bridge was being repaired was a public highway. There was no record proof that the highway had been laid out, but proof, extending over a great many years, that it has been used for the general public travel. The record proof that the road had been put on the district in which it was situated for labor upon it was properly received. The plaintiff was shown to be about the public business. The defendant produced evidence tending to show that the road was a private road, only, and had never, until recently, been districted as a public road. The defendant also gave evidence tending to show that the plaintiff was guilty of an assault, and that thereby he fell into the stream. Under this condition of the evidence the case went to the jury. The charge of the judge stated to the jury that their verdict would settle nothing as to the fact whether the road was a public or a private one; that there was no dispute but that the plaintiff struck the defendant without any legal provocation; that the jury must determine whether or not the place of the assault was within a public highway, or within a private road, the property of defendant's employer, and fix the damages accordingly. The defendant's evidence tending to show an assault by plaintiff was true, but he had pleaded guilty of the assault, and was proven to have testified that he "knocked him [plaintiff] in the ditch," on another proceeding. All the other eyewitnesses of the transaction supported plaintiff, substantially. The judge treated the case as one where the technical assault was proven. Neither of the attorneys made any exceptions. The case was thus rendered, as one of law, to either a nominal sum, or to substantial damages, as the jury should determine the question of public or private roads.

The defendant's counsel asked no statement of the law as to how far the defendant could go in defense of his master's right to put a wagon in a stream, to prevent the commissioners from repairing a bridge over it. He should not be treated on appeal as if he had done so, and the judge had refused the instruction. Upon the merits the case is strongly in favor of the plaintiff. There is proof of the use of the road as a highway for a great many years; that as long ago as 1845 the road was under the control of the commissioners of highways; that it was publicly and commonly used for over fifty years; that the assault was arbitrary and wanton. The jury were told that they were not necessarily limited, in giving damages, to the actual injury; that they could give damages for the outrage and indignity, and punitive damages, if they found that the road was a public

highway, and that the assault was made on the plaintiff, performing his duty as a highway commissioner. In other words, if the defendant intentionally assaulted the plaintiff while in the exercise of his duty, exemplary damages might be given. Such damages. could be given for any intentional assault. Hamilton v. Railroad. Co., 53 N. Y. 25; Sedg. Dam. (5th Ed.) 517–534.

The judgment should be affirmed, with costs.