# Court of Appeals.

## May 4, 1894.

## PEOPLE v. HENRY E. KANE.

### (59 St. Rep. 32; 142 N. Y. 366.)

CRIMINAL CODE—SECTION 654 OF PENAL CODE.

> The destruction of a boat, with which a persistent, repeated and defiant trespass had been perpetrated, if done in protecting a pond from such trespass, is justifiable, and does not warrant the conviction, under section 654 of the Penal Code, of persons acting under the instructions of the owner.

Appeal from judgment of the general term of the supreme court in the second judicial department, entered upon an order made December 1, 1893, which affirmed a judgment of the court of sessions of Suffolk county, entered upon a verdict convicting defendants upon an indictment under the Penal Code (§ 654) charging defendants with unlawfully and willfully destroying a boat belonging to one Lewis S. Davis. It appeared that Davis had, without right, placed the boat upon a mill pond, which was the property of one Edward Kane. The latter put the pond in charge of his son, one of the defendants, with instructions not to allow trespassers upon it. Davis owned a farm adjoining said pond, and persisted in sailing his boat thereon, although several notices had been given him to remove it from the pond. On the day it was destroyed defendants found it afloat, fastened by a chain extending from its bow to a tree on Davis' land; they went in another boat and, without going on Davis' land, unfastened the chain, took the boat out of the water and broke it up.

Further facts are stated in the opinion.

Livingston Smith, for appellants.

Walter H. Jaycox, for respondent.

FINCH, J—There was no evidence in this case to warrant the verdict of the jury, and the motion of the defendants to set that verdict aside should have been granted. The trial judge charged the jury that if the destruction of the boat was in the defense of the possession of property, the criminality was lacking which constitutes the punishable offense against the People. · That charge was taken from the opinion rendered on an appeal from a previous judgment of conviction in this case, 131 N. Y. 111; 42 St. Rep. 722, and should have ended the controversy, for the proof showed clearly that the boat was destroyed in an effort to protect property against a persistent, repeated and defiant trespass upon the rights of its owner. There was not a particle of evidence to the contrary, and not the least ground for the suggestion that the act may have been wanton and unnecessary, which is the palpable inference from the language of the charge. The act was done by the defendants under instructions from the owner to protect the possession against the trespass for which this boat was brought to the pond and used; they had no quarrel with its owner and no personal difficulty with him; they took the boat on the water and without trespass on his land; and broke it up in the daylight, near to a public highway, openly and without concealment and after advice by counsel that they had a right to do so. The trial judge charged, as this court had already decided, that the owner of the pond was not bound to resort to an action at law instead of himself defending his possession. Granting that, what other effectual or reasonable remedy remained than to destroy the boat which was wrongfully on the pond, and put there and kept there for the avowed purpose of defying the owner's rights? ₒ One remedy might be to remove the boat from the water. That certainly would be mild enough and was tried twice at least and failed. The boat was hauled out and left upon the land; the trespassers promptly shoved it back into the water. Then Kane, with the aid of a horse, moved it away from the shore and over a bank. The trespasser took his horse and replaced the boat in the water and chained it to a tree. Plainly, that sort of proced-

ure was useless.    Another remedy might be to endure the presence of the boat upon the water, but watch for the trespasser's use of it and then employ force enough to eject it and him.    That would have been unlawful, Filkins v. People, 69 N. Y. 101, but the defendants were not bound to wait for that, nor pursue a mode of resistence sure to end in personal violence.    The only other remedy was to destroy the boat, and in that manner end the trespass.    The law, in its own operation, in peculiar cases where the act is effectual to repress a wrong, does not hesitate explicitly to authorize the destruction of the instrument with which the wrong is both done at the moment and threatened for the future; as in the case of nets and seines used in violation of the restraints upon fishing; and so there was nothing inherently vicious in the character of the remedy.    There was, therefore, in the facts of the case, as we said on the previous appeal, excusable cause for the act which the judgment rendered denounces as a crime and for which the defendants were sentenced to the penitentiary.    The public law cannot be so wrested to the purposes of private and personal revenge in behalf of the original wrongdoer.

The courts below appear to have supposed that because we ordered a new trial there must have been in our judgment some question of fact for the jury.    But we could not know what new evidence might be given.    Proof was possible which would raise a disputed question of fact, and we had no right to assume that it might not exist.    If we had been sure then, or could be sure now, that no other facts were possible of proof except those stated in this record, we might end the controversy quickly; but, instead, we must again reverse the judgment and order a new trial. If when that occurs the facts appear as they appear now it will be the duty of the trial court to order an acquittal.

How far one may go, what force he may use, what acts of defense are excusable in the protection of premises or property are usually mixed questions of law and fact to be submitted to the jury under proper instructions from the court, Filkins v. The People, supra, because always dependent upon the facts and cir-

cumstances of the particular case, such as the manner and character of the trespass, the instrumentalities through which it is accomplished, and the opportunities or reasonable means of defense. What we decide now is that upon the undisputed evidence in this record, and under the peculiar and specific circumstances disclosed, there was no ground for convicting the defendants of a criminal offense.

The judgment should be reversed and a new trial granted.

All concur, except EARL, J., dissenting.

Judgment reversed.