# The Alden Coal Company v. Thomas Challis.

1. INJUNCTIONS—*When Bill Will Lie for Trespass.*—Where a trespass has already been committed, and the court can see that it is the purpose of the defendant to commit other deliberate trespasses, which can not be adequately compensated by a judgment at law, or where the damage of such trespass is merely nominal, then a bill for injunction lies; and where the defendant is insolvent, an additional ground of equitable jurisdiction is added by that fact.

2. DEDICATION—*Of Public Streets—What is.*—The acts of one who lays out lots fronting upon streets which connect with public highways, and rents them to inhabitants of the village, are a dedication of the streets to public use during the time the lots are so rented and occupied.

**Bill for an Injunction.**—Appeal from the Circuit Court of Mercer County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

BROCK & SCOTT, attorneys for appellant.

It is absolutely essential to a dedication by parol that there be an intent to dedicate. The intent to dedicate is a vital and indispensable element. Chicago v. Drexel, 141 Ill. 89; Chicago v. C., R. I. & P. Ry. Co., 152 Ill. 561; Waggeman v. North Peoria, 155 Ill. 545; Wheatfield v. Grundmann, 164 Ill. 250; Trustees v. Walsh, 57 Ill. 363.

Where there is a question of dedication, the testimony of the owner as to his intention is admissible, and may be con-

sidered in connection with all the facts.   Chicago v. C., R. I. & P. Ry. Co., 152 Ill. 561; Chicago v. Ward, 169 Ill. 392.

Under the law of Illinois, no estoppel arises by leaving a passageway open for travel, unless the owner sells lots with reference to a plat, showing such passageway to be a street. To create an estoppel the lots must be sold as abutting on such streets, and with clear reference to a plat of such lots and streets, which must have been exhibited to the purchaser.   Mason v. City of Chicago, 163 Ill. 368, 369; Waggeman v. North Peoria, 155 Ill. 545.

CONNELL & THOMASON, attorneys for appellee.

Although a plat has not been properly acknowledged, if the owner makes sales of lots with reference to streets, he and those claiming under him will be estopped from questioning the existence of such street.   Such acts will create a common law dedication of the streets.   Earll v. City of Chicago, 136 Ill. 277.

" Dedication of highways may be proven in various ways; as by grant, by user, or by acts and declarations of the owner."

" No particular length of time is necessary for evidence of dedication."   Marcy v. Taylor, 19 Ill. 634.

" The evidence (to prove a dedication) may consist of any declaration or acts of the land owner, naturally indicative of such intention, or by his acquiescence in the public use under circumstances which would reasonably forbid such acquiescence if there was no such intention."

" The fencing out of a strip of land, suitable for a highway, and which is of little or no value, as fenced, for any other purpose, is evidence of an intention to dedicate it to that use."   O'Connell v. Bowman, 45 Ill. App. 654.

" The placing of fences along the sides of a street, thus fencing out a strip sixty-six feet wide, is evidence of its being left for a street."   City of Chicago v. Hill, 124 Ill. 646.

" It is not essential that the fee pass, nor that there is a grantee in esse, nor that there be a deed, nor any specific length of possession in order to constitute a valid dedication."   Dillon on Mun. Cor., Sec. 642; Cincinnati v. White, 6 Peters, 431.

" As against the proprietor a dedication may be complete without any act or acceptance on the part of the public." Dillon on Mun. Cor., Sec. 642.

"If a man build a double row of houses opening into an ancient street at each end, making a street, and sells or lets the houses, that is instantly a highway." Herman on Estoppel, Vol. 2, Sec. 1142; Dillon on Mun. Cor., Sec. 638, note 1.

"If a party lays off land for public use and makes sales of lots in reference thereto, it amounts to a dedication."

"No plat is essential to a dedication." Field v. Carr, 59 Ill. 200.

Mr. Presiding Justice Brown delivered the opinion of the court.

This is a bill in chancery brought by the Alden Coal Company, a corporation, to enjoin Thomas Challis from going upon premises claimed to be owned by the complainant.

The complainant owned land which is situated about four miles from Viola and about seven miles from Aledo, the county seat of Mercer county. The complainant operated a coal mine under the surface of said land, upon which it staked out and located a town site, though no plat thereof appears to have been made. It located various lots and streets, and leased the lots and houses thereon for various terms up to but not exceeding ten years, nor longer than the complainant should there be engaged in mining coal, while some of the leases were for a shorter period. The company sustained the relation of landlord to all of the occupants, but some of them owned their own houses situated upon leased ground. Practically the entire population were employes of the complainant engaged in various occupations in and about the operation of the coal mine.

In this manner a settlement or village of about five or six hundred inhabitants grew up and is known as New Gilchrist, but was not incorporated. It had a postoffice, church, school house, hotel, livery stable, barber shop, as well as a large general store which was owned by and conducted by the complainant. The store had a department in which meats were sold.

It was the intention of the complainant, after the coal was all mined out, to remove the buildings owned by it to some other locality.

The general public had been accustomed to visit this village and travel upon its streets at pleasure and without objection by the complainant.

The defendant kept a meat market at Aledo, and traveled through the adjoining country peddling meats, and in doing so came to New Gilchrist. He established trade relations with the people of the village, came two or three times a week, and delivered from twenty to two hundred pounds of meat each trip, thereby reducing the sales the complainant had previously made to the extent of $100 to $125 per month.

The complainant repeatedly ordered him to remain out of the village, which he refused to do. Upon his persisting in peddling there, the complainant brought three suits for trespass against him. One of these suits has been dismissed and the others are still pending.

The complainant then filed this bill to enjoin the defendant from going to the village of New Gilchrist. There was a hearing upon bill, answer, replication, and proofs taken, which resulted in a decree dismissing the bill. The complainant appeals.

The theory of the bill is that the complainant owns the streets of the village, that they are not public streets but the private property of the complainant, and that the defendant is a trespasser in going upon them; that repeated trespasses have been committed, others threatened, and that the defendant being insolvent, the complainant is entitled to relief by injunction.

Where a trespass has already been committed, and the court can see that it is the purpose of the defendant to commit other deliberate trespasses, which can not be adequately compensated by a judgment at law, or where the damage of such trespass is merely nominal, then a bill for injunction lies; and where the defendant is insolvent, an additional ground of equitable jurisdiction is added by that fact. Edwards v. Haeger, 180 Ill. 99.

We hold that the bill was properly dismissed. The occupants of the various lots leased from the complainant, as

well as the general public, had a right to use the streets during the tenure of the leases. The acts of the complainant in laying out the lots fronting upon the streets which connected with public highways, and renting them to inhabitants of the village, was a dedication of the streets to public use during the time the lots were so leased and occupied.

The rights thereby created are not for the exclusive use of the tenants, but for the benefit of the public as well. Earll v. City of Chicago, 136 Ill. 277.

It follows that the defendant was justified in going upon the streets and selling meats to the inhabitants of the village, and that in so doing he was infringing upon no legal rights of the complainant.

It is urged by the defendant that the relief sought by the complainant is in restraint of trade, and should therefore be denied on grounds of public policy. In view of the fact that the alleged trespass would be but a nominal damage, as well as from facts appearing from the whole record, it is manifest that the sole object in filing the bill was to stifle competition with and to give the complainant a monopoly of the meat business of the village. The inhabitants are laboring men. They spend their hours in toil. They have no time to go to distant markets where competition is free and open, to buy the necessities of life. To deprive tradesmen of their legal right to come to the door of these people in fair competition with the complainant, would be deplorable indeed, and would give the latter an unconscionable advantage over their employes.

But this decree must be affirmed independent of the question now under consideration, and for the reasons first presented in this opinion. The decree of the Circuit Court will be affirmed.