BARNES v. HAGAR et al.

(Supreme Court, Trial Term, Clinton County.   November, 1913.)

1. NUISANCE (§ 1*)—"PRIVATE NUISANCE."

A "private nuisance" is anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another, or any unwarrantable, unreasonable, or unlawful use by one of his own property, real or personal, to the injury of another, and is not confined to erections or employments prejudicial to health, but embraces everything that offends and renders the enjoyment of life and property uncomfortable.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 1, 3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 6, pp. 5574–5576.]

2. TRESPASS (§ 1*)—ACTS CONSTITUTING.

In trespass to real estate, the infringement of the owner's rights is direct and the injury immediate, as distinguished from consequential injury caused by a nuisance resulting from some act committed beyond the limits of the property of the owner, or resulting from an act committed within the limits of the property affected.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. INJUNCTION (§ 48*)—RECURRING TRESPASSES TO REAL ESTATE.

Where an owner of cattle permits them to run at large, so that they repeatedly break in and wander over the land of another, and disfigure and destroy the improvements thereon, and the trespass is continuous or constantly recurring, an injunction lies to restrain the wrong, on the ground that the remedy at law is inadequate, and to prevent a multiplicity of actions for trespass.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 101; Dec. Dig. § 48.*]

Action by Mae Weaver Barnes against Alice G. Hagar and another. Judgment for plaintiff.

Charles J. Vert, of Plattsburg, for plaintiff.

Frank N. Hagar and Egbert C. Everest, both of Plattsburg, for defendants.

WHITMYER, J.   Plaintiff has brought this action in equity for the abatement of an alleged nuisance and to restrain the defendants from continuing the same.   She claims, in effect, that the defendants have neglected or refused to properly restrain or confine the cattle, sheep, hogs, small pigs, hens, turkeys, geese, and ducks, belonging to defendant Luther Hagar, and kept by him on a farm, the property of his wife, the defendant Alice G. Hagar, upon which said defendants resided, and that they have permitted the same to roam at large, so that they have repeatedly broken in and upon and wandered over plaintiff's adjoining property, consisting of a beautiful summer home, on the westerly shore of Lake Champlain, in the county of Clinton, in this state, and have disfigured and destroyed the improvements thereon, during the six years prior to the commencement of this action, and that said condition continued down to the time of the trial.   Defendants claim that the action should have been brought at common law to recover damages for the trespass.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The findings of the jury are sufficiently supported by the evidence, so that, if the facts found show a nuisance, plaintiff will be entitled to judgment. A nuisance is of two kinds, public and private. Here the nuisance, if there is one, is private. Such a nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another; any unwarrantable, unreasonable, or unlawful use by a person of his own property, real or personal, to the injury of another. Heeg v. Licht, 80 N. Y. 582, 36 Am. Rep. 654. The term is not confined to erections or employments which are prejudicial to health, but embraces everything that incommodes and offends, and renders the enjoyment of life and property uncomfortable. Willard's Equity Jurisprudence (Potter's Ed.) 389; Brill v. Flagler, 23 Wend. 355.

[2] Nuisance is distinguishable from trespass. In trespass, the infringement of one's rights of property is direct and the injury immediate. In nuisance, the infringement and the injury are consequential, and the injury generally results from some act committed beyond the limits of the property affected. Wright v. Syracuse, etc., R. R. Co., 49 Hun, 445, 3 N. Y. Supp. 480, affirmed without opinion 124 N. Y. 668, 27 N. E. 854. But it may be the result of an act committed within the limits of the property affected. Brill v. Flagler, supra. The case last cited was that of a dog, which was in the habit of coming on the property and about the dwelling of the defendants, day and night, barking and howling, to the disturbance and annoyance of the defendants, and to the knowledge of the plaintiff, who willfully neglected to confine him. The court said:

"No other authority than the experience and observation of every man is necessary to enable him to determine that the matters set forth in this plea constitute a private nuisance * * * and, upon general principles, justify all reasonable means to remove it. It would be mockery to refer a party to his remedy by action; it is far too dilatory and impotent for the exigency of the case. Whatsoever unlawfully annoys or does damage to another is a nuisance, and may be abated by the party aggrieved, so as he commits no riot in the doing of it."

In Wright v. Syracuse, etc., R. R. Co., supra, the court says:

"While it may be stated, as a general proposition, that a simple trespass upon the lands of another furnishes no ground for interference by a court of equity to restrain its commission, this rule does not apply where the injury is such that it is not susceptible of adequate pecuniary compensation in damages, or where it is one the continuance of which would cause a continually recurring grievance. High on Injunctions, § 739; New York v. Mapes, 6 Johns. Ch. 46; Mohawk R. Co. v. Archer, 6 Paige, 83. A trespass, which from long continuance has grown into a nuisance, may be enjoined to prevent multiplicity of suits."

The case of People v. Kane, 131 N. Y. 111, 29 N. E. 1015, 27 Am. St. Rep. 574, and 142 N. Y. 366, 37 N. E. 104, does not involve the question of nuisance, but is applicable. There it appeared that one Davis had, without right, placed his boat upon a mill pond, which was the property of one Kane, who put the pond in charge of his son, with instructions not to allow trespassers thereon. Davis owned a farm adjoining the pond and persisted in sailing his boat thereon, although he had been notified several times to remove it. On the day it was de-

stroyed, defendant, finding it afloat and fastened by a chain, extending from its bow to a tree on Davis' land, went in another boat, and, without going upon Davis' land, unfastened the chain, took the boat out of the water, and broke it up. It was held that the destruction of the boat, the instrument with which a persistent, repeated, and defiant trespass had been perpetrated, was justifiable. It seems, then, that acts of trespass long continued may become a nuisance, which equity will enjoin.

[3] Even if they do not, nevertheless, the action here may be maintained on the theory of a continuous or constantly recurring trespass, since that is the foundation of the alleged nuisance set forth in the complaint, and since the evidence is sufficient to sustain a finding to that effect. Where acts of trespass are continuous or constantly recurring, whereby, if permitted to continue, irreparable injury may result, an injunction will lie to restrain same, both on the ground that the remedy at law is inadequate and to prevent a repetition or multiplicity of such suits. 22 Cyc. 836; Henderson v. N. Y. C. R. R. Co., 78 N. Y. 423, 430, 434.

Findings accordingly.