(Judges of the 4th district sitting by designation.)

### MISSOURI HAYES v. ENOS HAYES.

**Injunction Lies to Prevent Repeated Trespasses by Stock to Avoid Multiplicity of Suits for Damages and Attendant Costs and Expenses.**

A bill in equity lies to restrain a defendant from permitting his stock to trespass upon the land of plaintiff, where a multiplicity of suits would be thereby avoided, together with costs and expenses in each suit which would probably exceed the amount of damages recovered.

APPEAL.

*H. J. Buntin,* for plaintiff.
*E. T. Brown,* for defendant.

## WALTERS, J.

This case comes into this court on appeal from the common pleas court of this county, and the same was heard by this court on the evidence.

The action was brought in the common pleas court to restrain the defendant from allowing his stock to run at large upon the highway and into the enclosures of the plaintiff. The testimony showed a long series of trespasses by the defendant's stock upon the premises owned by the plaintiff. The premises of the plaintiff and defendant are separated only by a public highway. The plaintiff had brought other suits before this one was instituted, to recover damages of the defendant for the injuries she had sustained from his stock. In one case she recovered one cent damage; in another case she recovered $32, less nine dollars, damages which were sustained by her tenant. She testified that the damages she recovered were far less than the costs and expenses of the litigation, to her.

A temporary restraining order was issued in this case by the court of common pleas, which was violated by the defendant and he was brought before the court and fined for contempt.

The testimony before us shows that the defendant has allowed his stock to annoy the plaintiff, and to go upon her premises and eat her wheat and grass and other herbage that may be growing there, and it has a little smack, to us, of either being done recklessly by the defendant, or with some feeling on his part.

We recite this much of the facts and circumstances that have been developed before us by the evidence in order to come to a discussion of the demurrer that was interposed to the petition by the defendant, the defendant claiming that equity by injunction will not lie in this case because the plaintiff has an adequate remedy at law. His counsel has cited us to very many cases bearing upon the subject, and claims that no cases can be found where an injunction has been allowed for repeated trespass except where the trespasser has claimed to do so under some color of title or right to do and perform the things he did do.

The Ohio cases upon that point that have been cited seem to sustain the defendant's contention, so far as the authorities are concerned. The case of *Scofield* v. *Railway*, 43 Ohio St. 621, 571 [3 N. E. 907; 54 Am. Rep. 846], is a case that presents that point; also *Lembeck* v. *Nye*, 47 Ohio St. 336 [24 N. E. Rep. 686; 8 L. R. A. 578; 21 Am. St. Rep. 828]. In the last named case, Bradbury, the delivering judge, on page 354 makes use of this language:

"The agreed statement of facts shows that the defendant Nye, is insolvent, and that the financial condition of Andrews doubtful; but aside from this, and were they both solvent and fully able to respond to any damages that might be recovered against them in actions of trespass, yet, it is apparent from the whole record that such actions would not afford an adequate remedy for the violations of the rights of the plaintiff in error in the past; and those threatened in the future were, and are, during certain seasons of the year of daily, if not of hourly occurrence under the claim of a right to do so; besides the injury resulting from each separate act would be trifling, and the damages recoverable therefor scarcely equal to a tithe of the expense necessary to prosecute separate actions therefor."

It is claimed by the learned counsel for the defendant that the plaintiff has three or four remedies under the statute: she might impound the cattle so trespassing; she might sue for damages done; or, she might prosecute him criminally. But notwithstanding all these remedies which, or some of which, she has already tried to her sorrow, it is evident, as the Supreme Court say in the last case quoted, any particular injury at any particular time, would be small—some of them trifling—as the court says.

As the testimony discloses that the plaintiff has tried this remedy and that her costs have been much more than damages she has recovered, we are constrained to the opinion that in a case like this—and we desire our opinion to be confined to the facts of this particular case—she has a right to file her bill in equity to restrain the defendant from allowing his stock to trespass further upon her.

*Barnes* v. *Hagar,* 148 N. Y. Supp. 395. The third paragraph of the syllabus of that case is as follows:

"Where an owner of cattle permits them to run at large, so that they repeatedly break in and wander over the land of another, and disfigure and destroy the improvements thereon, and the trespass is continuous or constantly recurring, an injunction lies to restrain the wrong, on the ground that the remedy at law is inadequate, and to prevent a multiplicity of actions for trespass."

The court cite as authority for this: 22 Cyc. 836; *Henderson* v. *Railway,* 78 N. Y. 423, 434.

*Blevins* v. *Mullally,* 22 Cal. App. 519 [135 Pac. Rep. 307]. The syllabus of the case is as follows:

"6. Plaintiffs, who were engaged in raising sheep on a large scale, owned and used, for that purpose, a large area of unenclosed land. Large numbers of cattle belonging to an adjoining landowner repeatedly and almost daily entered upon such land and consumed the herbage, thus depriving the sheep of the necessary sustenance. Held, that since the herbage destroyed could not be replaced so as to accomplish the immediate purposes for which it was being used—the feeding of sheep—the

injury was irreparable, and a court of equity would grant injunctive relief."

"7. Since the trespasses were repeated and continuing, injunctive relief could also be invoked to prevent a multiplicity of suits."

In the opinion, the court quotes from Pomeroy Eq. Jurisp. Sec. 1357:

"If the trespass is continuous in its nature, if repeated acts of wrong are done or threatened, although each of these acts, taken by itself, may not be destructive, and the legal remedy may therefore be adequate for each single act if it stood alone, then also the entire wrong will be prevented or stopped by injunction, on the ground of avoiding a repetition of similar actions. In both cases the ultimate criterion is the inadequacy of the legal remedy." Citing a large number of cases.

In the case of *Alden Coal Co.* v. *Challis*, 103 Ill. App. 52, the first syllabus is as follows:

"Where a trespass had already been committed, and the court can see that it is the purpose of the defendant to commit other deliberate trespasses, which cannot be adequately compensated by a judgment at law, or where the damage of such trespass is merely nominal, then a bill for injunction lies."

So we are constrained to hold, upon the evidence that is disclosed in this case, and upon the authority of the cases just cited, that this case follows within the exception to the rule, and that a bill in equity will lie, under these circumstances; and a perpetual injunction will be allowed. We make no ruling upon the order issued by the court below to show cause why the defendant should not be punished for contempt of court.

**Sayre** and **Merriman, JJ.,** concur.