■ FREDERICK W. KESSLER, Respondent, v. ROBERT E. HUNTER, JR., Appellant. — Judgment of the Supreme Court, Westchester County, entered May 15, 1967, modified, on the law and the facts, by (1) striking therefrom the award to plaintiff of $4,500 plus interest, (2) reducing the award of $1,116.05 for costs and disbursements to $663.05 and (3) reducing the total award to plaintiff from $8,488.23 to $1,842. As so modified, judgment affirmed, without costs. In our opinion, the proof does not support a finding of the criminality requisite to a recovery of treble damages for the unlawful and willful destruction of property under section 1433 of the Penal Law. (See *Polychrome Corp.* v. *Lithotech Corp.,* 4 A D 2d 968; *Wass* v. *Stephens,* 128 N. Y. 123; *Yeamans* v. *Nichols,* 81 N. Y. S. 500; *People* v. *Kane,* 131 N. Y. 111.) The proof "more nearly [shows] wrongdoing motivated by the alleged self-interest " of defendant to better his own fortune " rather than the ' disinterested malevolence ' * * * found in the article expressly dealing with ' malicious

mischief' [Penal Law, art. 134] " (*Golding* v. *Golding,* 4 A D 2d 65, 67). Hence, that part of the judgment which awards plaintiff $4,500 (treble damages) and interest thereon must be stricken and the cause of action for such damages dismissed. Further, in striking out this portion of the judgment, the discretionary allowance of $750 awarded by the trial court must be reduced to $297. The sum awarded may not exceed "five percent of the sum recovered or claimed, or of the value of the subject matter involved" (CPLR 8303, subd. [a], par. 2). Hence, that part of the judgment which grants costs and disbursements must be reduced to $663.05. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.